IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DALLAS COUNTY, TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. _____ |
| | § | |
| MERSCORP, INC.; MORTGAGE | § | |
| ELECTRONIC REGISTRATION | § | |
| SYSTEMS, INC.; STEWART TITLE | § | |
| GUARANTY COMPANY; STEWART | § | |
| TITLE COMPANY; BANK OF AMERICA, | § | |
| NATIONAL ASSOCIATION; and ASPIRE | § | |
| FINANCIAL, INC. d/b/a | § | |
| TEXASLENDING.COM, | § | |
| | § | |
| Defendants. | § | |
| | § | |

### DEFENDANTS MERSCORP, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND STEWART TITLE GUARANTY COMPANY'S NOTICE OF REMOVAL

Defendants MERSCORP, Inc. ("MERSCORP"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Stewart Title Guaranty Company ("STGC") file this Notice of Removal pursuant to 28 U.S.C. § 1441 *et seq.* and state as follows:

## I.  INTRODUCTION

1.  Plaintiff Dallas County, Texas, commenced an action against Defendants styled *Dallas County, Texas v. MERSCORP, Inc.; Mortgage Electronic Registration Systems, Inc.; Stewart Title Guaranty Company; Stewart Title Company; Bank of America, National Association; and Aspire Financial, Inc. d/b/a texaslending.com*, Cause No. CC-11-06571-E, in County Court at Law No. 5, Dallas County, Texas.  The first date upon which any defendant received a copy of the original petition was September 26, 2011, when MERSCORP and Bank of

America, National Association ("BANA"), were served with a copy of the petition and summons by registered mail on their respective registered agent for service of process.

## II.     THIS NOTICE IS TIMELY FILED

2.      Defendants have filed for timely removal within thirty (30) days of receipt of a copy of the initial pleading and summons setting forth a claim for relief upon which such action is based.  28 U.S.C. § 1446(b).  Upon filing this Notice of Removal, Defendants will provide written notification to Plaintiff and will file a copy of this Notice of Removal with the District Clerk for Dallas County, Texas.

## III.    ALL DEFENDANTS CONSENT TO REMOVAL

3.      All Defendants who do not join in this Notice consent to removal.

## IV.    JURISDICTION

4.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant  . . . ."  Pursuant to 28  U.S.C. § 1332, this Court has original jurisdiction over all civil actions where (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the suit is between *properly joined* citizens of different states.  *See* 28 U.S.C. § 1441(b); *Fordoche Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 n.10 (5th Cir. 2006).

### A.     Amount in Controversy

5.      The amount in controversy requirement is met.  Plaintiff alleges that MERS has been unlawfully identified as a "grantee" or "grantor" on 285,525 records maintained by the Dallas County Clerk.  2d Am. Pet. ¶ 86.  Plaintiff is seeking $10,000 per alleged violation (plus exemplary damages and tort recovery), for a total well in excess of $75,000.  *Id.* ¶ 109.

### B.     Diversity of Citizenship

6.      Complete diversity exists between the plaintiff and the properly joined

Defendants.

       a.  Plaintiff is a citizen of the State of Texas.  *Moor v. County of Alameda*, 411 U.S. 693, 717 (1973).

       b.  Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of any state in which it is incorporated and the state in which it has its principal place of business.  Defendant MERSCORP, Inc., is a Delaware corporation with its principal place of business in the State of Virginia.  *See* 2d Am. Pet. ¶ 3.  Defendant Mortgage Electronic Registration System, Inc., is a Delaware corporation with its principal place of business in the State of Virginia.  *See id.* ¶ 4.

       c.  BANA is a national bank with its main office, as set forth in its articles of association, in North Carolina.  *See* 2d Am. Pet. ¶ 7.  For purposes of determining diversity jurisdiction, a national bank is located in, and thus a citizen of, the state designated in its articles of association as the location of its main office.  *Wachovia v. Schmidt*, 546 U.S. 303, 318 (2006).  Accordingly, BANA is a citizen of North Carolina for purposes of 28 U.S.C. § 1332.

       d.  Plaintiffs allege that Defendants Stewart Title Guaranty Company ("STGC"), Stewart Title Company ("STC"), and Aspire Financial, Inc. ("Aspire") (collectively, the "Local Defendants"), are citizens of Texas.  2d Am. Pet. ¶¶ 5, 6, 8.  However, the citizenship of these Defendants should be disregarded because they were improperly joined in this matter to defeat the diversity jurisdiction of this Court.[1]

### C.    Improper Joinder

    7.    "The fraudulent joinder doctrine ensures that the presence of an improperly

---

[1] Although the claims against BANA are also non-cognizable for many of the same reasons set forth herein with respect to STGC, STC, and Aspire, the presence of BANA does not defeat this Court's diversity jurisdiction.  The arguments made herein are without prejudice to any other arguments that may be made regarding this Court's jurisdiction and/or the validity of the claims against any Defendant in this action.  Defendants expressly reserve the right to assert additional grounds on which Plaintiff has failed to state cognizable claims against them.

joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity." *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). The Local Defendants were improperly joined for two reasons, each of which provides an independent basis for disregarding them in determining that diversity jurisdiction exists.

### 1.    Nominal Defendants

8.    The Local Defendants are improperly joined because they are mere nominal defendants. "A plaintiff's joinder of formal or unnecessary parties cannot defeat diversity jurisdiction and prevent removal." *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 710 (N.D. Tex. 2011) (quoting *Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-592-D, 2010 U.S. Dist. LEXIS 69239, at *13, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010)); *see also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."); *Wolff v. Wolff*, 768 F.2d 642, 645 (5th Cir. 1985) ("In determining diversity jurisdiction, the citizenship of the real parties in interest is determinative, and the citizenship of nominal or formal parties who have no real interest in the dispute before the court may be disregarded, even though they may be required by law or court order to join in the lawsuit."). Whether a party is "nominal" "depends on 'whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable to the plaintiff.'" *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (quoting *Tri-Cities Newspapers, Inc. v. Tri-Cities P.P.& A. Local 349*, 427 F.2d 325, 327 (5th Cir. 1970)). A court may also consider a party nominal if its "role in the law suit is that of a depositary or stakeholder." *Tri-Cities Newspapers, Inc.*, 427 F.2d at 327.

9.    The Local Defendants are mere "stakeholders" and/or are nominal defendants. At

most, they engage in limited functions incidental to the central legal issues raised by Plaintiff in its Second Amended Petition—namely, whether MERS' designation as a "mortgagee" and "beneficiary" is permitted under Texas law.   Plaintiff can obtain relief against the diverse Defendants on that legal issue regardless of whether the Local Defendants are joined. Accordingly, the Local Defendants are not indispensable parties under Federal Rule of Civil Procedure 19, but rather nominal parties whose citizenship should be disregarded for purposes of confirming this Court's jurisdiction over the real parties in interest in this matter.

### 2.     Failure to State Cognizable Claims

10.     Alternatively, the Local Defendants are improperly joined because Plaintiff has failed to allege cognizable claims against them.   To demonstrate improper joinder of resident defendants on this basis, the removing defendants must demonstrate either actual fraud in the pleading of jurisdictional facts or that "there is no reasonable basis to predict that [the plaintiff] might be able to recover against [the non-diverse parties]." *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 374 (5th Cir. 2006).   In applying this test, the federal court will typically conduct a Rule 12(b)(6)-type analysis to determine whether the plaintiff has stated viable claims against the in-state defendants. *Id.* at 376.   In cases where "a plaintiff has stated a claim but has misstated or omitted discrete facts, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.*

11.     Through selectively chosen opinion pieces, articles, and conspiracy theories, Plaintiff's Amended Petition purports to offer a (flawed) wide-sweeping explanation and condemnation of (legal) conduct by MERS and "Wall Street." *See, e.g.*, 2d Am. Pet. ¶¶ 19, 62, 80.[2]   Critically, however, the Second Amended Petition is bereft of any factual allegations

---

[2] Since commencing suit, Plaintiff has filed a First and Second Amended Petition.  Although these documents have not yet been served on all Defendants, references herein are to the most recently-filed Second Amended Petition,

establishing actionable claims against the Local Defendants.   Instead, facts are set forth complaining about conduct by MERS, and then conclusory, non-differentiated allegations that fail on their face are asserted against the Local Defendants.  *See, e.g., Powell v. Dallas Morning News LP*, 610 F. Supp. 2d 571, 580 (N.D. Tex. 2009) (holding "blanket allegations against all Defendants" insufficient to state viable claims for relief).

> **(a)**      ***Plaintiff has failed to allege facts establishing any reasonable basis to predict success on any claim premised on veil piercing.***

12.      To the extent Plaintiff's claims against purported MERSCORP/MERS shareholders are premised on an "agency and corporate veil/alter-ego" theory, 2d Am. Pet. at 5, they fail under the high standards required for success on such claims under applicable law.[3]

13.      Because MERSCORP and MERS are Delaware corporations, Delaware law applies to questions of veil piercing.  District courts exercising diversity jurisdiction must apply the conflict of laws rules of the forum state.  *Alberto v. Diversified Group, Inc.*, 55 F.3d 201 (5th Cir. 1995) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).  Under Texas law, questions regarding the liability of a corporate interest holder are resolved under the law of the state of incorporation.  *Alberto*, 55 F.3d at 203–04; *In re Parkcentral Global Litig.*, No. 3:09-CV-0765, 2010 U.S. Dist. LEXIS 79385, at **13–14, 2010 WL 3119403, at *4 (N.D. Tex. Aug. 5, 2010); Tᴇx. Bᴜs. Oʀɢ. Cᴏᴅᴇ §§ 1.102, 1.104.

14.      Here, Plaintiff's allegations are mere conclusory statements of law.  Plaintiff states, without any factual support, that STGC (a fractional 1.26% shareholder in MERSCORP) operated as the "alter ego" of MERSCORP and/or MERS, that "MERSCORP and MERS were

---

which adds several new purported allegations and causes of action.  The analysis contained herein applies with equal force to Plaintiff's Original and First Amended Complaint.

[3] Plaintiff alleges that MERS is a wholly-owned subsidiary of MERSCORP, 2d Am. Pet. ¶ 4, but also that MERSCORP is a MERS shareholder.  *Id.* ¶ 12.  In fact, MERS is a wholly-owned subsidiary of MERSCORP; MERSCORP is not a MERS shareholder.

undercapitalized," and that the "corporate fiction" was used to "perpetrat[e] a fraud . . . [and] evad[e] existing legal obligations."  2d Am. Pet. ¶¶ 12, 106, 115; *see also id.* at 5 ("III.  Agency and  Corporate  Veil/Alter-Ego").   These conclusions of law constitute the sum total of the allegations against STGC, which is alleged to be liable for the wrongs alleged in Plaintiff's complaint solely by virtue of its status as a MERSCORP/MERS shareholder.[4]  *See id.* ¶¶ 5, 6, 12.

15.    "Delaware law provides clear requirements for veil piercing . . . ."  *In re Heritage Org., L.L.C.*, 413 B.R. 438, 512 (N.D. Tex. Bankr. 2009).  "In short, the test applied under Delaware law is two pronged:  (i) whether the entities in question operated as a single economic entity, and (ii) whether there was an overall element of injustice or unfairness."  *Id.* (collecting cases).  With respect to the first prong, the factors to be considered include:  "(1) whether the entity was adequately capitalized for the corporate undertaking; (2) whether the entity was solvent;  (3)  whether  dividends  were  paid,  corporate  records  kept,  officers  and  directors functioned properly, and other corporate formalities observed; (4) whether the dominant interest holder siphoned corporate funds; and (5) whether, in general, the corporation simply functioned as a façade for the dominant interest holder."  *Id.* at 512–13. (citing *Alberto v. Diversified Group, Inc.*, 55 F.3d 201, 205 (5th Cir. 1995) (citing *Harco Nat'l Ins. Co. v. Green Farms, Inc.*, No. 1131, 1989 Del. Ch. LEXIS 114, at **12–13, 1989 WL 110537, at *5 (Sept. 19, 1989))).  With respect to the second prong, "the claimed injustice must consist of more than merely the tort or breach of contract that is the basis of the plaintiff's lawsuit."  *Id.* at 513 (quoting *NetJets Aviation*, 537 F.3d at 183).  "Delaware law requires a 'strong case to induce a court of equity to consider two corporations as one."  *Id.* (quoting *Alberto*, 55 F.3d at 205).

16.    Plaintiff offers no facts to suggest that veil piercing to reach STGC is appropriate,

---

[4] In fact, STGC is a title insurer that insures the lien position of the mortgage lender.  It does not prepare recording instruments, collect or pay filing fees, or participate in the closing of real estate transactions.  STGC is not on the MERSCORP Board of Directors and none of its personnel are officers of MERSCORP or MERS.

much less that there is any possibility of actual success. *See, e.g.*, *Trevino v. MERSCORP, Inc.*, 583 F. Supp. 2d 521 (D. Del. 2008) (refusing to pierce MERSCORP's corporate veil to impose liability on shareholders for actions alleged to have been undertaken by MERS); *Smotherman v. Texaco Explor. & Prod., Inc.*, 161 F. Supp. 2d 733, 738–39 (E.D. Tex. 2001) (holding conclusory allegations insufficient to defeat improper joinder based on veil piercing); *Kasprzak v. Amer. Gen'l Life & Accident Ins. Co.*, 914 F. Supp. 144, 147 (E.D. Tex. 1996); *Hopper v. Ford Motor Co. Ltd.*, 837 F. Supp. 840, 844 (S.D. Tex. 1993).   This is especially so in light of the many judicial decisions holding that MERSCORP/MERS is a legitimate, viable corporation. *See, e.g.*, *Smith v. Fed. Nat'l Mortg. Ass'n*, No. 3:11-CV-2032-F (N.D. Tex. Sept. 30, 2011); *DeFranceschi v. Wells Fargo Bank, N.A.*, No. 4:10-CV-455-Y, 2011 U.S. Dist. LEXIS 98084, at **13–14, 2011 WL 3875338, at *4 (N.D. Tex. Aug. 31, 2011).  Moreover, given that STGC is a fractional 1.26% shareholder in MERS, it cannot possibly constitute a "dominant interest holder" capable of operating as an alter ego.[5]   All claims against the alleged MERSCORP/MERS shareholder STGC therefore fail, and the citizenship of STGC must be disregarded in determining the Court's diversity jurisdiction.

> **(b)   *Plaintiff has failed to allege any facts bearing on the elements of the claims alleged against the local defendants.***

17.     Plaintiff's Second Amended Petition boils down to this allegation:  "MERS" has falsely denominated itself as a "beneficiary" on hundreds of thousands of deeds of trust in Dallas County.  2d Am. Pet. ¶ 88.  Plaintiff contends that MERS' allegedly false designation has enabled it to circumvent Texas law requiring recordation of assignments of notes secured by deeds of trust.  *Id.* ¶ 76.  Plaintiff's Second Amended Petition is focused entirely on alleged

---

[5] Notably absent from Plaintiff's Amended Petition are MERSCORP's largest shareholders, Fannie Mae and Freddie Mac, who each own approximately 16% of MERSCORP and whose presence in this suit would automatically confer federal jurisdiction on this Court. *See, e.g.*, *Griffin v. Fed. Nat'l Mortg. Ass'n*, No. 2:10-CV-306, 2010 U.S. Dist. LEXIS 138987, at **5–6, 2010 WL 5535618, at *2 (E.D. Tex. Dec. 9, 2010) (collecting cases).

wrongdoing and false representations by MERS (and not by the Local Defendants), with vague and conclusory allegations against the Local Defendants tacked on at the end in an unmistakable ploy to evade federal jurisdiction. Plaintiff's non-differentiated, boilerplate "allegations" against widely disparate parties (including "mortgage banks, title companies, and title insurance companies") fail to plead facts to support viable causes of action against the Local Defendants.[6] *Id.* ¶ 74.

### (i)    *Tex. Civil Prac. & Rem. Code § 12.002*

18.    Pursuant to Section 12.002(a) of the Texas Civil Practice and Remedies Code, "[a] person may not make, present, or use a document or other records with:

> (1)    knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;
>
> (2)    intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and
>
> (3)    intent to cause another person to suffer: (A) physical injury; (B) financial injury; or (C) mental anguish or emotional distress.

19.    Plaintiff alleges that the Local Defendants violated Section 12.002 by filing (or causing to be filed) records that "falsely" represent that MERS has a security interest in the real property that is the subject of the records. 2d Am. Pet. ¶ 108. Plaintiff, however, conveniently ignores Texas Property Code § 51.001, which *statutorily* defines MERS as a "mortgagee," and Texas law which expressly approves MERS' designation as a "beneficiary." *See, e.g., Allen v.*

---

[6] In fact, STC, like each of the other 60 licensed title companies/escrow agents in Dallas County, does not prepare deeds of trust, which must, under Texas law, be prepared by fee attorneys who are paid by either the borrower or the lender. Title companies in Texas, such as STC, merely transmit instructions regarding the preparation of a deed of trust to a fee attorney and have no input into the drafting of such documents. Once an initial deed of trust is recorded, STC has no further involvement and no knowledge of subsequent assignments or transfers.

*Chase Home Fin.*, No. 4:11–CV–223, 2011 U.S. Dist. LEXIS 74340, at **6–7, 2011 WL 2683192, at *3 (E.D. Tex. June 10, 2011); *Eskridge v. Fed. Home Loan Mortg. Corp.*, No. W–10–CA–285, 2011 U.S. Dist. LEXIS 60919, at **13–14, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011); *Richardson v. CitiMortgage, Inc.*, No. 6:10cv119, 2010 U.S. Dist. LEXIS 123445, at **11–12, 2010 WL 4818556, at *5 (E.D. Tex. Nov. 22, 2010).  Plaintiff's Second Amended Petition does not account for why or how stating that MERS is a "mortgagee" or "beneficiary" in a deed of trust is false when it is *expressly permitted* by Texas law.  Plaintiff's allegation that the Local Defendants violated Section 12.002 is effectively a complaint that the Local Defendants acted in compliance with Texas law.  *See Allen v. Chase Home Finance, LLC*, No. 4:11–CV–223, 2011 U.S. Dist. LEXIS 74340, at **6–7, 2011 WL 2683192, at *3 (E.D. Tex. June 10, 2011) ("MERS is a mortgagee under the Texas Property Code."); *Richardson v. CitiMortgage, Inc.*, No. 6:10cv119, 2010 U.S. Dist. LEXIS 123445, at **11–12, 2010 WL 4818556, at *5 (E.D. Tex. Nov. 22, 2010).  Accordingly, Plaintiff's claims against the Local Defendants under Section 12.002 fail.

20.     Further, Plaintiff is not an "injured person" for purposes of Section 12.002(a)(3).  Governmental bodies may not receive compensation for services that were not rendered, such as the failure to record an assignment.  *See, e.g.*, *Maverick County Water Control & Improv. Dist. No. 1 v. Texas*, 456 S.W.2d 204, 207 (Tex. Civ. App.—San Antonio 1970, writ ref'd) (county agency could not assess a fee against the state for services that were "neither received nor requested").

21.     Finally, intent is lacking.  In the context of Section 12.002(a)(3), "Texas courts have interpreted the 'intent' element to require only that the person filing the fraudulent lien be aware of the harmful effect that filing such a lien could have on a landowner." *Vanderbilt*

*Mortg. & Fin., Inc. v. Flores*, No. C-09-312, 2010 U.S. Dist. LEXIS 87630, at **14–15, 2010 WL 3359551, at *5 (S.D. Tex. Aug. 25, 2010).  Plaintiff has failed to allege that the Local Defendants were aware that a deed of trust that lists MERS as a mortgagee or beneficiary might be potentially harmful to a landowner.  In fact, Plaintiff does not allege that any "landowners" were ever harmed by the alleged conduct of any of the Local Defendants.

(ii)      <em><strong>Tex. Local Govt. Code § 192.007</strong></em>

22.      Plaintiff's claims against the Local Defendants for alleged violations of Section 192.007 of the Texas Local Government Code fail for two reasons.

23.      First, there is no private right of action against the Local Defendants under Section 192.007.  The Texas Supreme Court applies a "strict rule of construction" to statutory enforcement schemes and implies a cause of action only when the Legislature's intent to create a private cause of action is clearly expressed from the language of the statute as written.  *Brown v. De La Cruz*, 156 S.W.3d 560, 566–67 (Tex. 2004); *see also Coll v. Abaco Operating LLC*, No. 2:08–CV–345–TJW, 2011 U.S. Dist. LEXIS 51260, at **18–19, 2011 WL 1831748, at *5 (E.D. Tex. May 12, 2011).  Here, nothing in the language of Section 192.007 evinces any intent on the part of the legislature to create a private cause of action.  In fact, there are no reported cases which stand for the proposition that a private cause of action exists under Section 192.007.  Additionally, Section 197.007 was not enacted to allow Plaintiff to collect filing fees, and Plaintiff concedes that the primary purpose of § 192.007 is "to make information pertaining to [real] property available to the general public and thus to protect persons from fraud."  2d Am. Pet. ¶ 110.  Accordingly, Plaintiff has failed to state a viable claim against the Local Defendants for violation of Section 192.007.

24.      Moreover, even if there was a private right of action, which there is not, the Local

Defendants have no duty to record assignments under Section 192.007, which merely sets forth the procedure for recording an instrument in the event a party wishes to utilize the permissive recording system, clarifying that a "marginal entry" is insufficient to "file, register, or record" an instrument under this statutory provision. *See, e.g.*, NANCY SAINT-PAUL, TEXAS PRACTICE, REAL ESTATE TRANSACTIONS § 11:35; 1-4 TEXAS REAL ESTATE GUIDE § 4.60.

### (iii)   *Unjust Enrichment*

25.     Under Texas law, a person is unjustly enriched when he obtains a "benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992); *see also State Farm Bank, F.S.B. v. Manheim Auto. Fin. Servs., Inc.*, No. 3:10-CV-00519-L, 2010 U.S. Dist. LEXIS 80698, 2010 WL 3156008, (N.D. Tex. August 6, 2010).   Unjust enrichment is an equitable principle holding that one who receives benefits unjustly should make restitution for those benefits. *Bransom v. Standard Hardware, Inc.*, 874 S.W.2d 919, 927 (Tex. App.—Fort Worth 1994, writ denied).   "A plaintiff may recover under an unjust enrichment theory 'when one person has obtained a benefit from another by fraud, duress, or the taking of undue advantage.'"   *Sullivan v. Leor Energy LLC*, 600 F.3d 542, 550 (5th Cir. 2010) (quoting *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.3d 39, 41 (Tex. 1992)); *see also In re Guardianship of Fortenberry*, 261 S.W.3d 904, 915 (Tex. App.—Dallas 2008, no pet.).   "Unjust enrichment 'characterizes the result of a failure to make restitution of benefits either wrongfully or passively received under circumstances that give rise to an implied or quasi-contractual obligation to pay.'"   *Id.* (quoting *Argyle Indep. Sch. Dist. v. Wolf*, 234 S.W.3d 229, 246 (Tex. App.—Ft. Worth 2007, no pet.)).   "Unjust enrichment is not, however, a proper remedy merely because it 'might appear expedient or generally fair that some recompense be afforded for an unfortunate loss' to the claimant, or because the benefits to

the person sought to be charged amount to a windfall." *Zapata Corp. v. Zapata Gulf Marine Corp.*, 986 S.W.2d 785, 788 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (quoting *Pope v. Garrett*, 211 S.W.2d 559, 562 (Tex. 1948)).

26.     Here, Plaintiff alleges that local Defendant Aspire was unjustly enriched because it avoided filing fees associated with the recordation of transfers that would otherwise have been recorded with Dallas County, but for its participation in the MERS® System.[7] 2d Am. Pet. ¶¶ 117–18.   However, Plaintiff has not identified any benefit Aspire has received from the Plaintiff as a consequence of its decision not to use a recording system that Plaintiff concedes "is not mandatory" nor any facts suggesting the existence of a contractual or quasi-contractual duty to pay. *Id.* ¶¶ 16, 111.  Accordingly, Plaintiff's unjust enrichment claim against Aspire fails.

### (iv)     *Negligent & Grossly Negligent Misrepresentation*

27.     Under Texas law, in order to plead a claim for negligent misrepresentation, a plaintiff must allege facts that:   "(1) a defendant, in the course of its business or in a transaction in which it had a pecuniary interest, make a representation; (2) the defendant supplied false information for the guidance of another in the other's business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation." *Martin K. Eby Const. Co. v. LAN/STV*, No. 05-09-00946-CV, __ S.W.3d __, 2011 Tex. App. LEXIS 6910, at *31, 2011 WL 3795695, at *10 (Tex. App.—Dallas 2011, no pet.) (citing *Fed. Land Bank Ass'n v. Sloane,* 825 S.W.2d 439, 442 (Tex. 1991)).

28.     To support a claim for gross negligence, a plaintiff must further plead facts establishing that the defendant's conduct "depart[ed] from the ordinary standard of care to such

---

[7] Plaintiff also alleges unjust enrichment against STGC, but expressly, and only, under a veil piercing theory.  2d Am. Pet. ¶¶ 115–16.  Plaintiff does not allege unjust enrichment against STC.

an extreme that it create[d] an extreme degree of risk of harming others," and that the actor had "actual, subjective awareness of the risk involved and [chose] to proceed in conscious indifference to the rights, safety, or welfare of others." *Fath v. CSFB 1999-C1 Rockhaven Place Ltd. Partnership*, 303 S.W.3d 1, 6 (Tex. App.—Dallas 2009, pet. denied).

29.     Even though the only representations potentially identified as somehow "false" concern filings that reflect MERS' status as a beneficiary on deeds of trust, which is expressly permitted under Texas law, Plaintiff has not alleged any conduct by the Local Defendants as to the other elements of the claim.   Accordingly, Plaintiff's negligent and grossly negligent misrepresentation claims against the Local Defendants must fail.

### (v)     *Negligent & Grossly Negligent Undertaking*

30.     In order to establish a negligent/grossly negligent undertaking claim, a plaintiff must allege facts demonstrating that "(1) the defendant undertook to perform services that it knew or should have known were necessary to protect the plaintiff; (2) the defendant failed to exercise reasonable care; and either (3) the party to whom the duty is owed relied on the defendant's undertaking; or (4) the defendant's performance of its undertaking increased the plaintiff's risk of harm." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837–39 (Tex. 2000).

31.     The tort almost exclusively exists to permit a plaintiff recovery for personal injury or property damage.  *See, e.g.*, *Colonial Savings Association v. Taylor,* 544 S.W.2d 116, 119–20 (Tex. 1976) (citing Restatement (Second) of Torts § 323 (1965)) ("One who undertakes . . . to render services to another . . . is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking . . . ."); *see also  Entergy Gulf States, Inc. v. Akrotex, Inc.,* 40 S.W.3d 201, 206 (Tex. App.—Beaumont 2001) (concluding no negligent undertaking because, *inter alia*, the plaintiff sought no damages for any physical harm

to persons or property).

32.     Even assuming that damages recoverable under this tort include fees for using an optional recording system, Plaintiff has alleged no facts establishing that the Local Defendants had any duty to protect Plaintiff and that Plaintiff relied on any conduct by Local Defendants to its detriment or faced any—much less an increased—risk of harm.  Nor has Plaintiff pled any facts suggesting conduct that would rise to the level of gross negligence.  Accordingly, Plaintiff has failed to establish viable claims for negligent or grossly negligent undertaking against the Local Defendants.

### (vi)    *Negligence & Gross Negligence* **per se**

33.     "Negligence *per se* is a common law doctrine whereby the courts establish the duty of care owed to third parties by reference to 'a penal statute rather than on the reasonably prudent person test used in pure negligence claims.'"  *Powell v. Keeley*, __ F. Supp. 2d __, 2011 U.S. Dist. LEXIS 61693, at *11, 2011 WL 2313148, at *4 (S.D. Tex. June 9, 2011) (quoting *Smith v. Merritt*, 940 S.W.2d 602, 607 (Tex. 1997)).  "The threshold questions in every negligence *per se* case are whether the plaintiff belongs to the class that the statute was intended to protect and whether the plaintiff's injury is the type that the statute was designed to prevent." *Perry* v. *S.N.*, 973 S.W.2d 301, 305 (Tex. 1998).  However, even where the plaintiff and its injury is within the scope of the statute, not every criminal statute is appropriately adopted into tort law and the court should "not apply the doctrine of negligence *per se* if the criminal statute does not provide an appropriate basis for civil liability." *Id.* at 304; *Discovery Operating, Inc. v. BP Am. Prod. Co.*, 311 S.W.3d 140, 162 (Tex. App.—Eastland 2010, pet. denied).  In determining whether a criminal statute should provide the basis for tort liability, courts are directed to consider a variety of factors, including: "(1) whether the statute is the sole source of

any tort duty from the defendant to the plaintiff or merely supplies a standard of conduct for an existing common law duty; (2) whether the statute puts the public on notice by clearly defining the required conduct; (3) whether the statute would impose liability without fault; (4) whether negligence per se would result in ruinous damages disproportionate to the seriousness of the statutory violation, particularly if the liability would fall on a broad and wide range of collateral wrongdoers; and (5) whether the plaintiff's injury is a direct or indirect result of the violation of the statute." *Perry*, 973 S.W.2d at 309.

34.     Although no court in Texas has been identified as having expressly recognized or discussed a claim for "gross negligence *per se*," to the extent the tort exists, it would presumably require a showing that the plaintiff's conduct rises to the level of gross negligence. *See Fath*, 303 S.W.3d at 6.

35.     In this case, Plaintiff's negligence and gross negligence *per se* claims are premised on alleged violations of Section 12.002 of the Texas Civil Practice & Remedies Code and Section 192.007 of the Texas Local Government Code. Neither of these statutes are penal in nature such that they can form the basis of a negligence *per se* claim. *See, e.g.*, *Discovery Operating, Inc.*, 311 S.W.3d at 162–63. Moreover, Plaintiff has alleged no facts suggesting conduct that could constitute gross negligence under any theory of relief. Accordingly, Plaintiff's negligence and gross negligence *per se* claims fail.

### (vii)     *Fraudulent Misrepresentation*

36.     In order to state a claim for fraudulent misrepresentation, a plaintiff must establish: (1) that a material representation was made; (2) that it was false; (3) that the speaker knew it was false when made or that the speaker made it recklessly without any knowledge of the truth and as a positive assertion; (4) that he made it with the intention that it be acted upon by

the other party; (5) that the party acted in reliance upon it; and (6) damage." *T.O. Stanley Boot Co. v. Bank of El Paso,* 847 S.W.2d 218, 222 (Tex. 1992).

37.    Plaintiff alleges that the Local Defendants fraudulently misrepresented the true beneficial owner of notes and related mortgages allegedly filed by them in Dallas County, Texas.  2d Am. Pet. ¶ 133.  However, because Texas law expressly permits "book entry systems" or entities like MERS to be designated as a "beneficiary" in a deed of trust, Plaintiff has failed to allege any material misrepresentation made by a local Defendant.  Moreover, Plaintiff has failed to allege facts establishing that it relied on any such representations to its detriment. Accordingly, Plaintiff cannot state a claim for fraudulent misrepresentation against the Local Defendants.

### (viii)    *Declaratory Judgment*

38.    For many of the same reasons its other claims fail, Plaintiff's Declaratory Judgment claim against the Local Defendants fails.  Plaintiff seeks judgment declaring that the Local Defendants failed to properly record documents with Dallas County.  However, Plaintiff fails to allege which, if any, local Defendants actually file records with the County, why it has not named the 60 other title companies/escrow agents operating in Dallas County and the dozens (if not hundreds) of fee attorneys involved in the recording process, fails to account for the fact that recordation in the local land records is not mandatory (and that the permissive recording of such documents is for the benefit of the creditor, not the government), and fails to point out that Texas law recognizes MERS as a "mortgagee" and "beneficiary" on deeds of trust.  Accordingly, there is no reasonable basis to predict that Plaintiff can succeed on this claim.

### (ix)    *Conspiracy*

39.    The elements of a cause of action for civil conspiracy in Texas are (1) two or

more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996); *see also Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005).

40.     Here, Plaintiff does nothing more than allege that "Defendants" "conspired together in the [unspecified] actionable conduct." 2d Am. Pet. ¶ 140. It is well-settled that such allegations are woefully insufficient to state a claim for conspiracy. *See Arsenaux v. Roberts*, 726 F.2d 1022, 1024 (5th Cir. 1982).

41.     Moreover, Plaintiff alleges in its Amended Petition that the Local Defendants committed "one or more unlawful, overt acts," but it does not identify what these supposed conspiratorial "acts" were. 2d Am. Pet. ¶ 140. All of the allegations in Plaintiff's Amended Petition, however, emanate from the core allegation that the records filed in Dallas County "falsely" represent that MERS has a security interest in the real property that is the subject of the records. However, and as discussed above, Texas law expressly permits entities like MERS to be designated as a "mortgagee" or "beneficiary" in a deed of trust. Accordingly, the "acts" that Dallas County alleges were "unlawful" are expressly permitted by Texas law, and therefore cannot support a claim for civil conspiracy. *See Ergonomic Lighting System, Inc. v. Commercial Petroleum Equip.*, No. SA–02–CA–0031 RF(NN), 2003 U.S. Dist. LEXIS 19118, at **23–24, 2003 WL 22436101, at *6 (W.D. Tex. Oct. 21, 2003) ("In order to properly plead a claim for civil conspiracy, the pleading party must first assert a viable underlying cause of action."), *Estate of Stonecipher v. Estate of Butts*, 591 S.W.2d 806, 808 (Tex. 1979). To the extent Plaintiff's conspiracy claim is premised on its purported negligence claims, the conspiracy claim also fails as "[u]nder Texas law, . . . one cannot agree or conspire to act in a negligent manner." *Marlin v.*

*Moody Nat'l Bank*, 248 F. App'x 534, 540 (5th Cir. 2008). Thus, Plaintiff's claims for civil conspiracy against the Local Defendants fail.

> **3.      The Local Defendants' Citizenship Should be Disregarded.**

42.      The Local Defendants are nominal parties improperly made parties to this suit. Alternatively and independently, Plaintiff has failed to plead facts regarding the Local Defendants sufficient to state valid causes of action against any of them as a matter of law on the face of the petition. Accordingly, the Local Defendants have been improperly joined and their citizenship should be disregarded for purposes of determining this Court's jurisdiction over this matter. Because both of the requirements for federal diversity jurisdiction are satisfied, this case is properly removable to this Court.

## V.      VENUE IS PROPER

43.      As required by 28 U.S.C. § 1441, County Court at Law No. 5, Dallas County, Texas, falls within the geographical purview of this Court.

## VI.      CERTIFIED COPY OF STATE COURT'S FILE IS ATTACHED

44.      Pursuant to 28 U.S.C. § 1446(a), the following documents are filed herewith: (1) an index of all matters being filed with this Notice of Removal is attached as Exhibit A; (2) true and correct copies of all process, pleadings and any orders served upon the Defendants in this matter are attached as Exhibit B; (3) the District Court Civil Docket Sheet is attached as Exhibit C; (4) a list of all counsel of record, including addresses, telephone numbers and parties represented is attached a Exhibit D; (5) Defendants' Notice of Removal of Civil Action is attached hereto as Exhibit E.

45.      Upon the filing of this Notice of Removal, Defendants also provide written notice of this removal with proof of service of same attached hereto all parties. A copy of this Notice of Removal is also being filed with the District Clerk of Dallas County, Texas in which this cause

was originally filed.

WHEREFORE, Defendants MERSCORP, Inc.; Mortgage Electronic Registration Systems, Inc., and Stewart Title Guaranty Company remove Cause No. CC-11-06571-E to the United States District Court for the Northern District of Texas.  Subject to and without waiving their right to seek a transfer to another court under the Rules of Procedure of the Judicial Panel on Multidistrict Litigation or for other reasons, Defendants request that this Court place this action on its docket for further proceedings as though it has originated in this Court and that this Court issue all necessary orders.

Dated:  October 14, 2011

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/ David J. Levy*
David J. Levy
State Bar No. 12264850
dlevy@morganlewis.com
Shannon A. Lang
State Bar No. 24070103
slang@morganlewis.com
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
713.890.5000 Telephone
713.890.5001 Facsimile

Robert M. Brochin (*pro hac vice* pending)
rbrochin@morganlewis.com
200 South Biscayne Boulevard, Suite 5300
Miami, Florida  33131
305.415.3000 Telephone
305.415.3001 Facsimile

Paulo McKeeby
State Bar No. 00784571
1717 Main Street, Suite 3200
Dallas, Texas 75201-7347
214.466.4000 Telephone
214.466.4001 Facsimile

*Attorneys for Defendants MERSCORP, Inc., and Mortgage Electronic Registration Systems, Inc.*

_/s/ John A. Koepke_ (by permission)
John A. Koepke
jkoepke@jw.com
State Bar No. 11653200
Scott M. McElhaney
smcelhaney@jw.com
State Bar No. 00784555
JACKSON WALKER LLP
901 Main Street, Suite 6000
Dallas, Texas  75202
214.953.6000 Telephone
214.953.5822 Facsimile

_Attorneys for Defendant Stewart
Title Guaranty Company_

## CERTIFICATE OF SERVICE

I certify that on October 14, 2011, a true and correct copy of the foregoing document was served on all counsel for all parties via certified mail, return receipt requested:

Stephen F. Malouf
Jonathan Nockels
Sarah Shulkin
Malouf & Nockels LLP
3811 Turtle Creek Blvd., Suite 800
Dallas, Texas 75219

Craig Watkins
Gordon R. Hikel
Dallas County District Attorney
Frank Crowly Courts Building
133 N. Industrial Blvd., LB19
Dallas, Texas 75207

Lisa Blue
Baron & Blue
3811 Turtle Creek Blvd., Suite 800
Dallas, Texas 75219

Barbara Radnofsky
303 Timber Terrace Rd.
Houston, Texas 77024

Mark White
72 E. Broad Oaks
Houston, Texas 77056

Terri Moore
The Law Offices of Terri Moore
1407 Texas St., Suite 102
Ft. Worth, Texas 76102

Mike Kaeske
Kaeske Law Firm
1301 W. 25th Street, Suite 406
Austin, Texas 78705

*Counsel for Plaintiff Dallas County, Texas*

G. Michael Gruber
Gruber, Hurst, Johansen, Hail & Shank LLP
1445 Ross Avenue, Ste. 2500
Dallas, Texas 75202

*Counsel for Defendant Stewart Title Company*

Rodney Acker
Theodore W. Daniel
James V. Leito IV
Fulbright & Jaworski LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201-2784

*Counsel for Defendant Bank of America, National Association*

Stephen Schoettmer
Thompson & Knight LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas  75201

*Counsel for Aspire Financial, Inc.*

*/s/ David J. Levy*
David J. Levy