IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DALLAS COUNTY, TEXAS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-cv-02733-O |
| | § | |
| MERSCORP, INC., et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiffs' First Amended Motion for Class Certification and for
Evidentiary Hearing Thereon (ECF No. 76), filed July 16, 2012; Defendants' Joint Motion to Strike
Plaintiffs' Class Allegations (ECF No. 83), filed August 1, 2012; and Defendants' Unopposed
Motion for Leave to File Class Certification Opposition Brief in Excess of Rule 7.2(c) Limit (ECF
No. 86), filed August 1, 2012.  Having considered these motions, the related briefing, and the
applicable law, the Court finds that Defendants' Joint Motion to Strike Plaintiffs' Class Allegations
(ECF No. 83) should be and is hereby **GRANTED**.  The Court accordingly finds that Plaintiffs' First
Amended Motion for Class Certification (ECF No. 76) should be and is hereby **DENIED as moot**.
Finally, the Court finds that Defendants' Unopposed Motion for Leave to File Class Certification
Opposition Brief in Excess of Rule 7.2(c) Limit (ECF No. 86) should be and is hereby **GRANTED**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Dallas County, Texas ("Dallas County") filed this lawsuit on September 20, 2011,
in Texas state court against MERSCORP, Inc. ("MERSCORP"), Mortgage Electronic Registration
Systems, Inc. ("MERS"), Bank of America, N.A. ("BOA"), Stewart Title Guaranty Co., Stewart Title

Co. (the "Stewart Defendants"), and Aspire Financial, N.A., d/b/a texaslending.com ("Aspire"). *See* Notice of Removal Ex. B (Pl.'s Original Pet.), ¶¶ 1–7, ECF No. 1-2.   MERS is a subsidiary of MERSCORP, which in turn is owned by various mortgage banks, title companies, and title insurance companies, including BOA, the Stewart Defendants, and Aspire.   Pls.' Third Am. Class Action Compl.   ¶ 78, ECF No. 75.   Those involved in the real estate industry created MERS as a way for mortgage lenders to transfer, assign, and securitize mortgage loans without the inconvenience, expense, and time associated with recording each transfer in the county deed records where the mortgaged property is located. *Id.* ¶ 74.   Whenever a lender who is a "member" of MERS issues a mortgage loan, the title company lists MERS as a "beneficiary" under the deed of trust or "mortgagee" under the mortgage. *Id.* ¶ 78.   When the mortgage is filed in the county deed records in Texas, the county clerks index MERS as a "grantee" or "grantor." *Id.*   MERS serves as the nominee for the lender and its successors and assigns. *Id.*   Whenever the beneficial interest of a mortgage is sold, the seller transfers the note to the buyer and the MERS System is updated to reflect the ownership of the promissory note. *Id.*   As long as the sale of the note involves another MERS member, MERS remains the named mortgagee in the county deed records and serves as the nominee for the new beneficial owner of the note, supposedly eliminating the need to record the transfer in the county deed records. *Id.*

In its Original Petition, Dallas County sought monetary damages, declaratory and injunctive relief, and exemplary damages from all of the defendants, asserting, among other things, that the defendants had conspired to engage in unlawful activity by creating the MERS System to avoid recording transfers and assignments of mortgages, thereby corrupting the county's public recording

system.  *See* Notice of Removal Ex. B (Pl.'s Original Pet.), ¶¶ 105–10, ECF No. 1-2.  Defendants

removed the case on October 14, 2011.  *See* Notice of Removal, ECF No. 1.

Harris County, Texas ("Harris County") and Brazoria County, Texas ("Brazoria County")

joined the suit as plaintiffs on March 6, 2012.  *See* Pls.' First Am. Class Action Compl., ECF No.

27 (adding Harris County and Brazoria County as plaintiffs).  Aspire was dismissed from the suit

on April 10, 2012, and the Stewart Defendants were dropped from the suit on May 8, 2012.  *See*

Agreed Stipulation Dismissal, ECF No. 38 (dismissing Aspire);  Pls.' Second Am. Class Action

Compl., ECF No. 53 (dropping the Stewart Defendants).  The current live complaint is Plaintiffs'

Third Amended Class Action Complaint (ECF No. 75), filed July 13, 2012.  In their Third Amended

Class Action Complaint, Plaintiffs bring claims for Fraudulent Misrepresentation and Unjust

Enrichment against MERSCORP, MERS, and BOA (collectively, "Defendants").  Pls.' Third Am.

Class Action Compl. ¶¶ 110–27, ECF No. 75.  Plaintiffs allege that Defendants were part of a

conspiracy to avoid the costs and time associated with properly recording the creation and transfer

of liens upon or interest in real property in Texas.  *Id.* ¶¶ 134–37.  Plaintiffs seek declaratory relief,

injunctive relief, actual damages, exemplary damages, court costs, attorney's fees, and pre- and post-

judgment interest.  *Id.* ¶¶ 128–33, 137.

On July 16, 2012, Plaintiffs filed their First Amended Motion for Class Certification (ECF

No. 76), seeking to certify a class consisting of every Texas county in which one or more of the

defendants has:

> a.  recorded, caused to be recorded, or approved the recording of
> instruments which falsely state that MERS has a lien upon or
> interest in real property which MERS does not have, with the
> intent to cause MERS to be indexed as a "Grantee" in the

3

Statutory Grantor/Grantee Indexes maintained by Plaintiffs and the other Class Members;

b. recorded, caused to be recorded, or approved the recording of instruments which falsely state that MERS has a lien upon or interest in real property which MERS does not have, with the intent to cause MERS to be indexed as a "Grantor" in the Statutory Grantor/Grantee Indexes maintained by Plaintiffs and the other Class Members; and

c. released, transferred, assigned or taken other action relating to an instrument that is filed, registered, or recorded in the office of the county clerk without filing, registering, or recording another instrument relating to the action in the same manner as the original instrument was required to be filed, registered, or recorded.

Pls.' Third Am. Class Action Compl. ¶ 12, ECF No. 75. On August 1, 2012, Defendants filed their Joint Motion to Strike Plaintiffs' Class Allegations (ECF No. 83). Defendants ask the Court to strike the class allegations contained in Plaintiffs' Third Amended Class Action Complaint, contending that Texas law does not permit the certification of a class of Texas counties.[1]

The parties have briefed the issues, and this matter is ripe for determination.

## II.   PROCEDURAL CONTEXT

As a preliminary matter, the Court will address Plaintiffs' concerns about the propriety of Defendants' Motion to Strike. Plaintiffs assert that class-action claims that fail to satisfy Rule 23 may be properly dismissed by granting a Rule 12(b)(6) motion. Pls.' Resp. Defs.' Mot. Strike Class Allegations 1, ECF No. 102. Because Defendants did not seek dismissal or the striking of Plaintiffs' class allegations in their previous motions to dismiss, Plaintiffs argue that this defense has been

---

[1] Specifically, Defendants request that the Court strike Paragraphs 3–4, Paragraphs 12–19, and those portions of Paragraphs 110–37 and the Prayer for Relief that refer to a putative class. *See* Defs.' Joint Mot. Strike Pls.' Class Allegations 1, ECF No. 83.

waived.  Pls.' Resp. Defs.' Mot. Strike Class Allegations 1–2, ECF No. 102.  S*ee generally* Defs.'

Joint Mot. Dismiss Pls.' First Am. Class Action Compl., ECF No. 30;  Defs.' Joint Mot. Dismiss

Second Am. Compl., ECF No. 63;  and Defs.' Joint Mot. Dismiss Declaratory J. Claims, ECF No.

90.  Plaintiffs also argue that, under Rules 12(g)(2) and 12(h)(2), if the defense of failure to state a

claim is raised after a motion to dismiss, it must be in an answer, motion for judgment on the

pleadings, or at trial.  *See* Pls.' Resp. Defs.' Mot. Strike Class Allegations 1–2, ECF No. 102; *see*

*also* Fed. R. Civ. P. 12(g)(2), 12(h)(2).  Plaintiffs assert that because Defendants' Motion to Strike

is not an answer, motion for judgment on the pleadings, or raised at trial, the Court should deny the

motion.  *Id.*  Alternatively, Plaintiffs request that the Court dispose of the Motion to Strike as part

of the consideration of Plaintiffs' Motion for Class Certification.  *Id.* at 2.  Defendants assert that the

limitations in Rule 12 do not apply to their Motion to Strike, because they rely on Rule 23(d)(1)(D),

which permits courts to enter orders "that the pleadings be amended to eliminate allegations about

representation of absent persons."  Fed. R. Civ. P. 23(d)(1)(D); *see* Reply Br. Supp. Defs.' Mot.

Strike Class Allegations 2, ECF No. 123.  Additionally, Defendants assert that because Rule 12(h)(1)

does not include defective class allegations as one of the arguments that is waived if not raised in

a party's initial Rule 12 motion, Defendants have not waived this argument by filing their motions

to dismiss.  Reply Br. Supp. Defs.' Mot. Strike Class Allegations 2, ECF No. 123.  Accordingly,

Defendants argue that they have not waived their complaints about the adequacy of Plaintiffs' class

allegations and their Motion to Strike is procedurally proper.  The Court agrees with Defendants.

Under Rule 12(g)(2), "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a

motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection

that was available to the party but omitted from its earlier motion."  Fed. R. Civ. P. 12(g)(2).  Rule

12(h)(2) allows a party to raise the defense of "[f]ailure to state a claim upon which relief can be granted" in a pleading under Rule 7(a), a motion under Rule 12(c), or at trial. Fed. R. C. P. 12(h)(2). The limitations in Rule 12(g)(2) apply when a party "make[s] another motion under [Rule 12]," which Defendants in this case have not done. Fed. R. Civ. P. 12(g)(2). Rather, Defendants rely on Rule 23(d)(1)(D), which permits a court to enter an order "that the pleadings be amended to eliminate allegations about representation of absent persons." Fed. R. Civ. P. 23(d)(1)(D); *see* Reply Br. Supp. Defs.' Mot. Strike Class Allegations 2, ECF No. 123. Several federal courts have entertained Rule 23(d) motions to strike after a Rule 12 motion to dismiss has been filed. *See, e.g.*, *Mungo v. CUNA Mut. Ins. Soc'y*, No. 0:11-464-MBS, 2012 WL 3704924, at *3 (D.S.C. Aug. 24, 2012); *Lyons v. Bank of Am., N.A.*, No. C-11-1232-CW, 2011 WL 6303390, at *1, *7 (N.D. Cal. Dec. 16, 2011); *Gawry v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 942, 949, 964 (N.D. Ohio 2009), *aff'd*, 395 F. App'x 152, 154–55 (6th Cir. 2010); *Buchanan v. Consol. Stores Corp.*, 217 F.R.D. 178, 184 (D. Md. 2003); *Grandson v. Univ. of Minn.*, 272 F.3d 568, 573–74 (8th Cir. 2001).

The Court is persuaded by the cited cases that a motion to strike class allegations is a proper means of asserting a party's objections to class certification even after a motion to dismiss has been filed under Rule 12. Additionally, since "defective class allegations" are not included in Rule 12(h)(1)'s list of defenses that are waived if not asserted in a party's initial Rule 12 motion, Defendants have not waived their arguments by failing to include them in their motions to dismiss. *See* Fed. R. Civ. P. (12)(h)(1). Accordingly, the Court finds that Defendants' Motion to Strike is procedurally proper, and the Court will consider the arguments presented in the Motion.

## III.    LEGAL STANDARD

The parties seeking class certification "bear the burden of proof to establish that the proposed class satisfies the requirements of Rule 23" of the Federal Rules of Civil Procedure. *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 837 (5th Cir. 2012). The decision to certify a class is within the broad discretion of the trial court, but the trial court must conduct a "rigorous analysis" to determine if the evidentiary burden has been met. *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996) (citing *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982)). The trial court must "look beyond the pleadings to 'understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues.'" *M.D. ex rel. Stukenberg*, 675 F.3d at 837 (quoting *McManus v. Fleetwood Enters., Inc.*, 320 F.3d 545, 548 (5th Cir. 2003)). Here, the named Plaintiffs bear the burden of establishing that the requisites of Rule 23 have been satisfied.

Rule 23 allows courts to issue orders requiring "that the pleadings be amended to eliminate allegations about representation of absent persons." Fed. R. Civ. P. 23(d)(1)(D). A court may strike class allegations under this rule "where a complaint fails to plead the minimum facts necessary to establish the existence of a class satisfying Rule 23's mandate." *Aguilar v. Allstate Fire & Cas. Ins. Co.*, No. 06-4660, 2007 WL 734809, at *2 (E.D. La. Mar. 6, 2007). Where the basis for a motion to strike is separate and distinct from the factors set out in Rule 23 class certification, "'[a] court may order deletion of portions of a complaint's class claims once it becomes clear that the plaintiffs cannot possibly prove the deleted portion of those claims.'" *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, No. 06 Civ. 6198(LAK)(JCF), 2008 WL 161230, at *3 (S.D.N.Y. Jan. 16, 2008) (quoting 5 Moore's Federal Practice § 23-145 (3d ed. 2007)) (alteration in original).

## IV.    ANALYSIS

In their Motion to Strike, Defendants assert that Texas law does not permit a class consisting of all Texas counties, because each county is a separate legal entity whose powers extend solely within its own borders, and the power to determine whether to institute suit is vested exclusively with the county commissioners court.  *See* Am. Mem. Law Supp. Defs.' Mot. Strike Pls.' Class Allegations 1, 4–5, 6–12, ECF No. 89.  Defendants also assert that a class of Texas counties is prohibited under Texas law because the appointment of class counsel would encroach upon the commissioners court's responsibility to select outside counsel, interfere with the duty of certain county officers to represent their county in litigation, and violate the statutory procedures for selecting outside counsel in certain counties.  *Id.* at 13–15.  Plaintiffs argue that Texas law permits a governmental subdivision, including a county, to act as a class representative of similarly situated governmental subdivisions.  *See* Pls.' Resp. Defs.' Mot. Strike Class Allegations 3–10, ECF No. 102.  Plaintiffs also argue that a county, like any other class member, is not foreclosed from participating in a class action through counsel of its choosing.  *Id.* at 12.  Given the various procedural requirements discussed below that Texas counties would have to satisfy before being included in the proposed class, the Court finds that Plaintiffs' proposed class of Texas counties would function as an "opt in" class, which is prohibited by Federal Rule of Civil Procedure 23.

### A.  Class Certification Under Federal Rule of Civil Procedure 23

Plaintiffs have moved for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure.  "To obtain class certification, parties must satisfy Rule 23(a)'s four threshold requirements."  *Maldonado v. Ochsner Clinic Found.*, 493 F.3d 521, 523 (5th Cir. 2007).  Those requirements include:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  In addition, Plaintiffs must satisfy the requirements of Rule 23(b)(1), (2), or

(3).  *Maldonado*, 493 F.3d at 523.  Plaintiffs assert that the following provisions of Rule 23(b) are

satisfied in the present case:

(1) prosecuting separate actions by or against individual class members would create a risk of:

  (A)    inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23(b); *see* Pls.' First Am. Mot. Class Certification 2–3, ECF No. 76.

Classes certified under Rule 23(b)(1) and (b)(2) are mandatory classes.  *Wal-Mart Stores, Inc.*

*v. Dukes*, 131 S. Ct. 2541, 2558 (2011).  In other words, members of classes certified under either

Rule 23(b)(1) or (b)(2) have no opportunity to opt out of the class, and the district court is not even

obligated to provide them with notice of the action.  *Id.*  Classes certified under Rule 23(b)(3),

however, are not mandatory.  *Id.*  Members of a class certified under Rule 23(b)(3) "are entitled to

receive 'the best notice that is practicable under the circumstances' and to withdraw from the class

at their option." *Id.* (quoting Fed. R. Civ. P. 23(c)(2)(B)).  If an action is certified as a class action

under Rule 23(b)(3), each entity that fits the description of the class is a class member and is bound

by the judgment unless it has opted out of the suit.  *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913,

916 (5th Cir. 2008) (quoting *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975)).

"[P]roceedings under Rule 23 do not require that class members affirmatively 'opt in,'" and

such a requirement is not "mandated by due process considerations."  *Ackal v. Centennial*

*Beauregard Cellular L.L.C.*, No. 12-30084, 2012 WL 5275441, at *3 (5th Cir. Oct. 26, 2012) (citing

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985)).  While some statutory procedures

require plaintiffs to affirmatively "opt in" before they will be bound by the judgment in a class-action

lawsuit,[2] "no authority exists" for certifying an "opt in" class under Rule 23.[3]  *See Ackal*, 2012 WL

5275441, at *4, *6; *LaChapelle*, 513 F.2d at 289 ("Opt out" class actions provided for by Rule 23

and "opt in" class actions provided for by certain statutory schemes "are mutually exclusive and

irreconcilable.").  Indeed, "substantial legal authority supports the view that by adding the 'opt out'

requirement to Rule 23 . . . Congress *prohibited* 'opt in' provisions by implication."  *Kern*, 393 F.3d

at 124; *see* Benjamin Kaplan, *Continuing Work of the Civil Committee: 1966 Amendments of the*

---

[2] *See, e.g.*, *LaChapelle*, 513 F.2d at 288–89 (Only "opt in" classes may be utilized under the Fair Labor Standards Act, 29 U.S.C. § 216(b) (2010), and in age discrimination cases under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (2010).).

[3] "There is an important distinction between opting in at the certification stage, i.e., taking affirmative action to join the class, and [requiring plaintiffs to file a proof of claim] after liability has been determined." Don Zupanec, *Class Action - Certification - "Opt-In" Class*, 27 No. 12 Fed. Litigator 6 (Dec. 2012). "Once liability has been established . . . class members may be required to file a proof of claim to obtain relief." *Id.* These proof-of-claim requirements have some "opt in" characteristics, but they are generally permissible. *Id.*; *see Kern v. Siemens Corp.*, 393 F.3d 120, 126–27 (2d Cir. 2004); *Andrews Farms v. Calcot, Ltd.*, 258 F.R.D. 640, 656 (E.D. Cal. 2009); *see also Robinson v. Union Carbide Corp.*, 544 F.2d 1258, 1261 (5th Cir. 1977) ("Opting in was not necessary before the determination of liability," but plaintiffs might be required to "come forward to establish their entitlements to portions of the recovery.").

*Federal Rules of Civil Procedure (I)*, 81 Harv. L. Rev. 356, 397 (1969) (noting that the Advisory Committee on Civil Rules rejected the suggestion that judgment in Rule 23(b)(3) class actions would bind only those who affirmatively indicated their desire to be included in the class); *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340 (7th Cir. 1974) ("[T]he requirement of an affirmative request for inclusion in the class is contrary to the express language of Rule 23(c)(2)(B)."); *Andrews Farms*, 258 F.R.D. at 656 (refusing to certify an "opt in" class at the liability stage of litigation because such a class would be contrary to Rule 23). Requests to certify explicit "opt in" classes are uniformly rejected, and procedures that function as "opt in" procedures are unlikely to be accepted.[4] *See Kern*, 393 F.3d at 123, 126 (district erred in certifying "opt in" class); *Andrews*, 258 F.R.D. at 656 (expressly rejecting defendant's request to certify "opt in" class); *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1555–57 (11th Cir. 1986) (district court erred in sending out a discovery order threatening dismissal for non-compliance because it operated as an "opt in" device).

## B.   The Fifth Circuit's Decision in *Ackal v. Centennial Beauregard Cellular L.L.C.*

On October 26, 2012, the Fifth Circuit issued its opinion in *Ackal v. Centennial Beauregard Cellular L.L.C.*, 2012 WL 5275441, which the Court finds controlling in the present case. In *Ackal*, a group of cellular telephone customers filed suit in Louisiana state court against their service providers, including defendant Centennial Beauregard Cellular L.L.C. ("Centennial"), alleging causes of action for breach of contract and violation of the Louisiana Unfair Trade Practices and Consumer Protection Law. *Id.* at *1. After the case was removed to federal court and several defendants were dismissed from the suit, the plaintiffs moved for certification of a class of plaintiffs

---

[4] Procedures that operate as "opt in" requirements but are not expressly labeled as such may be referred to as "quasi" or "de facto" opt-in procedures. *See* Zupanec, *supra* note 3.

consisting of governmental entities, natural persons, businesses, and related entities who entered into contracts with Centennial "for a specific amount of airtime for a certain amount of money per minute" for cellular or wireless telephone service. *Id.* at *1–2. The district court granted the plaintiffs' motion in part, certifying a class consisting of "299 governmental entities, including parish police juries, parish school boards, and other local boards and commissions." *Id.* at *2. Centennial appealed the district court's decision to certify the class, contending that the district court erred in certifying a class of governmental entities to be represented by private counsel. *Id.* Centennial argued that Louisiana law requires many of the entities to satisfy certain substantive requirements before retaining private representation. *Id.* Because those requirements had not been satisfied prior to certification, Centennial argued that the class members were required to "opt in" to the suit, which is prohibited under Rule 23. *Id.*

The Fifth Circuit observed that "Louisiana law limits the ability of certain governmental entities . . . to be represented by private counsel." *Id.* at *4. In particular, Louisiana Revised Statute Section 42:263(A) allows certain governmental authorities to retain private counsel "'only when (1) a real necessity exists (2) which is declared and memorialized by a resolution stating the reasons for employment of counsel and the compensation to be paid, (3) which resolution must be approved by the attorney general and (4) if approved, spread upon the minutes of the body and published in the official journal of the parish.'" *Id.* at *5 (quoting La. Att'y Gen. Op. No. 89-612, 1989 WL 454467, at *1); La. Rev. Stat. Ann. § 42:263(A) (2010). The Louisiana attorney general has noted that, except as provided in Section 42:263(A), "'it is unlawful for any governmental entity subject to the *ex officio* legal representation of the district attorney to retain or employ private counsel.'" *Ackal*, 2012 WL 5275441, at *5 (quoting La. Att'y Gen. Op. No. 99-413, 2000 WL 143396, at *3).

12

Only the class representatives had satisfied the requirements of the statute, even though "numerous other entities within the certified class" were subject to the statute. *Id.* The Fifth Circuit held that, "given the various 'procedural' hurdles that must be cleared . . . before a class member even is authorized to participate" in the lawsuit, the plaintiffs had "effectively created an 'opt in' class." *Id.* The default position of the class members was that they were not in the class until they completed the actions required by law for them to retain private counsel and participate in the suit. *Id.* The Fifth Circuit vacated the district court's order certifying the class, stating that the district court had abused its discretion in certifying a class under Rule 23 that operated as an "opt in" class. *Id.* at *6.

### C. Plaintiffs' Proposed Class Impermissibly Requires Members to "Opt In"

On November 7, 2012, the Court ordered the parties to file supplemental briefs addressing the similarities and differences between the *Ackal* case and the present case. *See* Order, Nov. 7, 2012, ECF No. 177. The parties filed their respective briefs on November 16. *See* Pls.' Supp. Br., ECF No. 191; Defs.' Joint Br. Concerning *Ackal*, ECF No 192. Plaintiffs argue that "Texas courts have rejected the argument that a Texas governmental entity may not be bound as a class member of an opt-out class unless it affirmatively approves of its inclusion." Pls.' Supplemental Br. 2, ECF No. 191. They argue that, in Texas, a governmental entity's failure to opt out will result in that entity being a member of the class, and holding otherwise would be contrary to Texas law. *Id.* Additionally, Plaintiffs assert that no Texas law governing counties' retention of outside counsel is as specific as the Louisiana law at issue in *Ackal*. *Id.* at 3. Defendants assert that Texas law places numerous restrictions on a county's ability to retain outside counsel, which are "at least as demanding as those under Louisiana law, if not more so." Defs.' Joint Br. Concerning *Ackal* 3, ECF No. 192. Furthermore, Defendants assert that cases approving of classes of Texas cities are not

13

controlling on the issue of whether a class of Texas counties is permitted, because municipalities are treated differently from counties under Texas law. *Id.* at 5. The Court finds that, though not expressly requested or labeled as such, Plaintiffs' proposed class of Texas counties impermissibly creates an "opt in" class in violation of Rule 23.

        1.    Under Texas Law, Certain Counties Must Follow Particular Procedures Before They Are Authorized to Participate in the Lawsuit.

As in Louisiana, Texas law limits the ability of certain governmental entities—specifically counties—to be represented by private counsel. In counties with populations of more than 1.25 million, the commissioners courts may employ special counsel to "represent the county in any suit brought by or against the county." Tex. Loc. Gov't Code Ann. § 89.001(a), (b)(1) (West 2011). The county attorney selects the special counsel, or the district attorney or criminal district attorney if the county does not have a county attorney. *Id.* § 89.001(c). "The selecting officer shall determine the terms and duration of employment of the special counsel, subject to the [commissioners] court's approval." *Id.* In smaller counties not governed by Section 89.001 of the Texas Local Government Code, the commissioners court has the power to institute suit on behalf of the county and the authority to employ private counsel to represent the county in litigation, as long as the employment of private counsel does not usurp the statutory duties of other county officials. *Looscan v. Harris Cnty.*, 58 Tex. 511, 514 (1883) ("[T]he commissioners' court . . . [is] vested with exclusive power to determine when a suit shall be instituted in the name of and for the benefit of the county."); *Guynes v. Galveston Cnty.*, 861 S.W.2d 861, 863–64 (Tex. 1993) (commissioners court has the "power to control litigation and choose its legal remedies" and to "choose the method of hiring attorneys it deems most beneficial" to the county, "so long as the statutory duties of other county

14

officials are not thereby usurped"); *Guerra v. Weatherly*, 291 S.W.2d 493, 496 (Tex. Civ. App.—Waco 1956, no writ) ("The [c]ommissioners [c]ourt has authority to cause suits to be instituted in the name of and for the benefit of the county—and has the authority to employ private counsel therefor."); *Simmons v. Ratliff*, 182 S.W.2d 827, 829 (Tex. Civ. App.—Amarillo 1944, writ ref'd w.o.m.) (county commissioners court is "vested with authority to determine when suits . . . should be instituted . . . involving the rights or property of the county").

In addition to placing specific limitations on the procedure for selecting private counsel, Texas law also sets out specific requirements for state governmental entities entering into contingent fee contracts for legal services. Tex. Gov't Code Ann. § 2254.101–.109 (West 2011). Counties are subject to these regulations.[5] A county entering into a contingency fee contract for legal services "may enter into a contingent fee contract for legal services only if: (1) the governing body of the [county] approves the contract and the approved contract is signed by the presiding officer of the [county]." *Id.* § 2254.103(a). "Before approving the contract," the county's governing body must find that:

> (1) there is a substantial need for the legal services;
>
> (2) the legal services cannot be adequately performed by the attorneys and supporting personnel of the state governmental entity or by the

---

[5] The Texas Government Code states that a "public agency," as defined under Section 30.003(3) of the Texas Water Code, may not enter into a contingency fee contract for legal services pursuant to Chapter 2254 of the Texas Government Code without review and approval by the state comptroller. Tex. Gov't Code Ann. § 403.0305. Section 30.003(3) of the Texas Water Code defines "public agency" as "any district, city, or other political subdivision or agency of the state which has the power to own and operate waste collection, transportation, treatment, or disposal facilities or systems." Tex. Water Code Ann. § 30.003(3) (West 2011). Texas counties have the power to "acquire, construct, improve, enlarge, repair, operate, and maintain all or part of one or more solid waste disposal systems." Tex. Health & Safety Code Ann. § 364.013 (West 2011). Therefore, Texas counties are subject to the restrictions in Chapter 2254 of the Texas Government Code for retaining legal services pursuant to a contingency fee contract, as well as the requirement of comptroller approval found in Section 403.0305 of the Texas Government Code.

attorneys and supporting personnel of another state governmental entity; and

(3) the legal services cannot reasonably be obtained from attorneys in private practice under a contract providing only for the payment of hourly fees, without regard to the outcome of the matter, because of the nature of the matter for which the services will be obtained or because the state governmental entity does not have appropriated funds available to pay the estimated amounts required under a contract providing only for the payment of hourly fees.

*Id.* § 2254.103(d). The statute strictly regulates counties' contingency fee contracts for legal services, including provisions governing time and expense records, how the contingency fee will be computed, how expenses will be paid, and the source of state funds available to pay the fees under the contract. *See id.* § 2254.104–.108. Finally, counties must seek review and approval by the state comptroller of any contingency fee contracts. *Id.* § 403.0305.

The Court finds these restrictions on Texas counties' ability to retain outside counsel similar to those at issue in *Ackal*. *See* 2012 WL 5275441, at *4–5. All of the requirements discussed above must be satisfied *before* a Texas county can retain outside counsel on a contingency fee basis. *See* Tex. Loc. Gov't Code Ann. § 89.001(c) (selection of outside counsel is "subject to" the commissioners court's approval); Tex. Gov't Code Ann. § 2254.103(a) (county can enter into contingency fee contract "only if" the commissioners court approves the contract and the presiding officer signs the contract); *id.* § 2254.103(d) ("before approving the contract," the commissioners court must make specific findings regarding the need to retain counsel on a contingency fee basis). In the present case, only the representative Plaintiffs have satisfied the statutory requirements for retaining special counsel on a contingency fee basis for purposes of this litigation. *See* App. Supp. Defs.' Joint Br. Concerning *Ackal*, Ex. B (Original Contracts of Brazoria, Dallas, and Harris

Counties), at App. 8–17, 18–21, 22–30, ECF No. 193; *id.* Ex. C (Original Resolutions Ratifying Contracts), at App. 32, 33, 34; *id.* Ex. D (Revised Contracts & Requests for State Comptroller Approval), at App. 36–46, 47–57. As in Louisiana, nothing in the Texas Government Code or Local Government Code "suggests that private representation" of the counties subject to these requirements "may be undertaken *while* the [counties] pursue satisfaction of the statute's requirements." *See Ackal*, 2012 WL 5275441, at *5. The default position of each county is that it is not in the class until it successfully completes the procedural requirements for retaining outside counsel. *See id.* Accordingly, the Court finds that Plaintiffs seek to create an "opt in" class, which is contrary to the express provisions of Rule 23(c)(2)(B). *Id.*

### 2. Texas Cases Discussing Certification of Classes of Texas Municipalities Are Not Controlling.

Plaintiffs rely on a handful of Texas cases where classes of Texas cities were certified for their assertion that Texas counties may be bound by the judgment in a class-action lawsuit under Texas law even if they fail to satisfy the statutory requirements for retaining outside counsel. *See* Pls.' Reply Defs.' Opp'n Pls.' First Am. Mot. Class Certification 1–3, ECF No. 96; Pls.' Resp. Defs.' Mot. Strike Class Allegations 4 n.15, 6–12, ECF No. 102; Pls.' Supplemental Br. 2–3, ECF No. 191; *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750 (Tex. 2003); *Magic Valley Electric Coop. v. City of Edcouch*, No. 13-05-202-CV, 2006 WL 733960 (Tex. App.—Corpus Christi Mar. 23, 2006, pet. dism'd); *Entex v. City of Pearland*, 990 S.W.2d 904 (Tex. App.—Houston [14th Dist.] 1999, no pet.); *Cent. Power & Light Co. v. City of San Juan*, 962 S.W.2d 602 (Tex. App.—Corpus Christi 1998, pet. dism'd w.o.j.); *Sw. Bell Tel. Co. v. City of Port Arthur*, No. 09-92-00311-CV, 1993 WL 13013186 (Tex. App.—Beaumont June 3, 1993, no writ).

The Court finds that these cases are not controlling on the issue of whether a class of Texas counties may be certified under Federal Rule of Civil Procedure 23.

First, municipalities are treated differently from counties under Texas law. "'The affairs of a municipality are municipal affairs, their concerns are municipal—those merely of the community, and the powers they exercise are municipal powers.'" *Hatcher v. State*, 81 S.W.2d 499, 500 (Tex. Comm'n App. 1935) (quoting *Bexar Cnty. v. Linden*, 220 S.W. 761, 763 (Tex. 1920)). Cities are created "to regulate and administer the internal concerns of the inhabitants of a defined locality in matters peculiar to the place incorporated, or at all events not common to the State or people at large." *Bexar Cnty.*, 220 S.W. at 763. Counties, in contrast, are "essentially instrumentalities of the state." *Hatcher*, 81 S.W.2d at 500. Counties "are created by the sovereign will without any special regard to the will of those who reside within their limits," and their principal purpose is to effectuate the civil administration of the state government for the benefit of the public at large. *Bexar Cnty.*, 220 S.W. at 763. The powers of counties "are generally more strictly construed than those of incorporated municipalities." *Tri-City Fresh Water Supply Dist. No. 2 of Harris Cnty. v. Mann*, 142 S.W.2d 945, 948 (Tex. 1940). Counties and their commissioners courts "are subject to the Legislature's regulation," and a county's commissioners court "may exercise only those powers expressly given by either the Texas Constitution or the Legislature." *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28 (Tex. 2003); *see also Mann*, 142 S.W.2d at 948. By contrast, cities "look to the legislature only for specific limitations on their power." *City of Laredo v. Webb Cnty.,* 220 S.W.3d 571, 576 (Tex. App.—Austin 2007, no pet.) (citing Tex. Const. art. XI, § 5). In light of these differences, the Court finds that the Texas cases certifying classes of Texas cities are not controlling

18

on the issue of whether Texas counties may be bound by the judgment in a class-action lawsuit without first following the statutory procedures for hiring private counsel.

Furthermore, while several of the cases on which Plaintiffs rely address the fact that cities, much like counties, must satisfy certain prerequisites before filing suit, none of them have directly addressed the legal consequences of the statutory requirements that counties must satisfy before being represented by private counsel.  *See City of San Benito*, 109 S.W.3d at 758 (stating that while the record did not contain the minutes of open meetings approving the appointment of private counsel, private counsel's status as attorney for several cities was not challenged, and it was within his authority to opt those cities out of the class); *see Entex*, 990 S.W.2d at  913 (holding that a properly worded class-certification notice sent to governing authorities for the cities involved would give the cities the opportunity to determine whether to participate in the litigation); *see Cent. Power & Light*, 962 S.W.2d at 613 (holding that a properly worded class-certification notice sent to governing authorities for the cities involved would "insure the appropriate actions are taken in determining whether to participate in this litigation"); *see Sw. Bell Tex. Co.*, 1993 WL 13013186, at *3, *4 (rejecting the argument that the non-delegation doctrine prohibits one city from acting as a class representative for other cities).  The cases on which Plaintiffs rely were decided under Rule 42 of the Texas Rules of Civil Procedure, which is interpreted by an entirely different set of case law than Rule 23 of the Federal Rules of Civil Procedure.  Here, the Court is bound by the Fifth Circuit's interpretation of Rule 23 of the Federal Rules of Civil Procedure.  Given the procedural requirements that Texas counties must satisfy prior to hiring outside counsel to represent them in litigation, certifying a class of Texas counties would create a class that functions as an "opt in" class, which

is prohibited by the Fifth Circuit's most recent interpretation of Rule 23. *See Ackal*, 2012 WL 5275441, at *5–6.

Where the basis for a motion to strike is separate and distinct from the factors set out in Rule 23 class certification, "'[a] court may order deletion of portions of a complaint's class claims once it becomes clear that the plaintiffs cannot possibly prove the deleted portion of those claims.'" *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, No. 06 Civ. 6198(LAK)(JCF), 2008 WL 161230, at *3 (S.D.N.Y. Jan. 16, 2008) (quoting 5 Moore's Federal Practice § 23-145 (3d ed. 2007)) (alteration in original). Because the Court finds that a legal impediment exists to Plaintiffs' class allegations, the Court hereby **GRANTS** Defendants' Motion to Strike (ECF No. 83) and **DENIES as moot** Plaintiffs' Motion for Class Certification (ECF No. 76).

### D. Class Certification Hearing

Though an evidentiary hearing is not expressly required by Federal Rule of Civil Procedure 23, the Fifth Circuit has indicated that "if there is any doubt as to the propriety of a class action, a preliminary evidentiary hearing on maintainability is essential." *Camper v. Calumet Petrochemicals, Inc.*, 584 F.2d 70, 72 (5th Cir. 1978) (per curiam). A "district court should ordinarily conduct an evidentiary hearing" on the issue of class certification, and may decide the issue without a hearing "[o]nly in cases free from doubt, where 'clear grounds exist[] for denial of class certification.'" *Merrill v. S. Methodist Univ.*, 806 F.2d 600, 608 (5th Cir. 1986) (quoting *Morrison v. Booth*, 730 F.2d 642, 644 (11th Cir. 1984) (interpreting Fifth Circuit precedent)). Where it is clear that a class action cannot be maintained, the trial court may decide the issue without conducting an evidentiary hearing.

The Fifth Circuit has typically found error in cases where the trial court failed to hold an evidentiary hearing on the issue of class certification when issues of fact existed as to whether the elements of Rule 23 were satisfied. *See, e.g.*, *Shepard v. Beaird-Poulan, Inc.*, 617 F.2d 87, 89 (5th Cir. 1980) (finding that trial court erred in denying class certification without first holding evidentiary hearing because fact questions existed as to named plaintiff's ability to adequately represent class); *King v. Gulf Oil Co.*, 581 F.2d 1184, 1186–87 (5th Cir. 1978) (affirming trial court's denial of class certification even though trial court did not hold evidentiary hearing because plaintiff failed to show prejudice or that it could produce evidence sufficient to create a fact issue on remand); *see also Marcera v. Chinlund*, 565 F.2d 253, 255 (2d Cir. 1977) (per curiam) (reversing denial of class certification and remanding for evidentiary hearing because fact issues existed as to similarities and differences between the members of the proposed classes). The Fifth Circuit has also affirmed a district court's decision to deny class certification without holding an evidentiary hearing under the authority of Rule 43(c), which provides: "When a motion relies on facts outside the record, the court may hear the matter on affidavits or may hear it wholly or partly on oral testimony or on depositions." Fed. R. Civ. P. 43(c); *Fener v. Belo Corp.*, 560 F. Supp. 2d 502, 503 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.), *aff'd sub nom. Fener v. Operating Eng'rs Constr. Indus. & Miscellaneous Pension Fund (Local 66)*, 579 F.3d 401 (5th Cir. 2009).

Because the Court is striking Plaintiffs' class allegations on legal grounds, the existence of fact questions regarding the satisfaction of the elements of Rule 23 is irrelevant in the present case. Therefore, the Court finds that it is not necessary to hold an evidentiary hearing on class certification, and the three-day hearing set to begin December 19, 2012, at 9:00 a.m. is hereby **CANCELLED**.

## V.       CONCLUSION

Accordingly, the Court hereby **GRANTS** Defendants' Joint Motion to Strike Plaintiffs' Class Allegations (ECF No. 83).  Paragraphs 3–4, Paragraphs 12–19, and those portions of Paragraphs 110–37 and the Prayer for Relief that refer to a putative class are stricken from Plaintiff's Third Amended Complaint.  Plaintiffs' First Amended Motion for Class Certification (ECF No. 76) is therefore **DENIED as moot**.

It is **ORDERED** that Plaintiffs must file an amended complaint consistent with this Order on or before **December 17, 2012**.

It is **FURTHER ORDERED** that the Class Certification Hearing set to begin December 19, 2012, at 9:00 a.m. is hereby **CANCELLED**.

It is **FURTHER ORDERED** that Defendants' Unopposed Motion for Leave to File Class Certification Opposition Brief in Excess of Rule 7.2(c) Limit (ECF No. 86), filed August 1, 2012, is hereby **GRANTED**.

**SO ORDERED** on this **13th day** of **December, 2012**.


_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**