# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

|  |  |  |
|---|---|---|
| **DALLAS COUNTY, TEXAS, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:11-cv-2733-O** |
| | § | |
| **MERSCORP, INC., et al.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are: Plaintiffs' Motion and Memorandum for Partial Summary Judgment, filed November 13, 2012 (ECF No. 182); Defendants MERSCORP Holdings, Inc.'s and Mortgage Electronic Registration Systems, Inc.'s Motion for Summary Judgment, filed November 13, 2012 (ECF No. 185); Motion for Summary Judgment by Defendant Bank of America, N.A., filed November 12, 2012 (ECF No. 187); Plaintiffs' Motion for Hearing on Pending Motions for Summary Judgment, filed December 28, 2012 (ECF No. 226); and Defendant Bank of America, N.A.'s Motion to Strike Portions of Fourth Amended Complaint, filed January 10, 2013 (ECF No. 239).  Having considered the motions, responses, replies, evidence, pleadings, record, and applicable law, and for the reasons set forth below, with respect to Count 6A ("Fraudulent Misrepresentation"), Count 6B (Unjust Enrichment - MERS Defendants), and Count 6C (Unjust Enrichment – Bank of America) (*see* Pls.' Fourth Am. Compl. Counts 6A, 6B, 6C), the Court **grants** Defendants MERSCORP Holdings, Inc.'s and Mortgage Electronic Registration Systems, Inc.'s Motion for Summary Judgment (ECF No. 185), and **grants** the Motion for Summary Judgment by Defendant Bank of America, N.A. (ECF No. 187).  With respect to the remaining declaratory judgment claim

(Count 6D), the Court **grants in part** (Count 6D, ¶ 119(a)(i) and (a)(ii), (b)), and **denies in part** (Count 6D, ¶ 119(a)(iii)), Defendants' pending summary judgment motions (ECF Nos. 185, 187). With respect to the request for injunctive relief associated with the common law claims (Count 6E), the Court **grants** Defendants' pending summary judgment motions (ECF Nos. 185, 187).[1]  Further, the Court: **denies as moot** Dallas County's Motion and Memorandum for Partial Summary Judgment (ECF No. 182);  **denies** Plaintiffs' Motion for Hearing on Pending Motions for Summary Judgment (ECF No. 226); and **denies** Defendant Bank of America, N.A.'s Motion to Strike Portions of Fourth Amended Complaint (ECF No. 239).

## I.   Procedural History and Factual Background

This case concerns the statutorily created system of recording interests in real property in Texas, and the more recent use of electronic technology for tracking such interests that Plaintiff alleges either bypasses the State's recording system, or is inconsistent with it.  Plaintiff Dallas County, Texas ("Dallas County") filed this lawsuit on September 20, 2011, in Texas state court against MERSCORP, Inc. ("MERSCORP"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Bank of America, N.A. ("BOA") (sometimes collectively, "Defendants").  The gravamen of Plaintiff's complaint is that Defendants conspired to create a private electronic mortgage registration system for tracking ownership interests and servicing rights associated with residential mortgage loans, which usurps the county clerk's role under the statutorily created recording systems in a manner inconsistent with Texas law, thereby depriving Dallas County of

---

[1]In the event Plaintiff is successful on its remaining declaratory judgment claim under ¶ 119(a)(iii) of Plaintiffs' Fourth Amended Complaint, Plaintiff could still seek ancillary injunctive relief under ¶¶ 121(b) and 123.

recording fees and corrupting its real property records.   ECF No. 1, Notice of Removal at Ex. B-1 and B-2 (Pl.'s Orig. Pet. & Pl.'s First Am. Orig. Pet.).

On October 14, 2012, Defendants removed the case to this Court asserting subject matter jurisdiction under 28 U.S.C. § 1332.  *Id.*, Notice of Removal ¶ 4.  After removal, Dallas County filed a Class Action Complaint (ECF No. 10), and on March 6, 2012, Dallas County filed a First Amended Class Action Complaint (ECF No. 27), adding Plaintiffs Harris County, Texas and Brazoria County, Texas, and asserting claims for: unjust enrichment; negligent, grossly negligent, and fraudulent misrepresentation; negligent and grossly negligent undertaking; negligence *per se* and gross negligence *per se*; and conspiracy, as well as state statutory claims for violations of Tex. Civ. Prac. & Rem. Code § 12.002 and Tex. Loc. Gov't Code § 192.007, and seeking monetary damages, declaratory and injunctive relief, and exemplary damages.  *See* ECF No. 27, Pls.' First Am. Class Action Compl. ¶¶ 157-58, 159-60, 161.

On March 9, 2012, Defendants jointly moved to dismiss Plaintiffs' claims.  ECF No. 30, Def. Mot. to Dis.  On May 8, 2012, Plaintiffs filed a Second Amended Class Action Complaint (ECF No. 53).  On May 23, 2012, following a hearing, the Court granted Defendants' motion to dismiss in part, dismissing eight of the thirteen counts.  The Court dismissed all Plaintiffs' common law claims with the exception of claims for fraudulent misrepresentation, unjust enrichment, and civil conspiracy, and granted Defendants' motion to dismiss Plaintiffs' statutory claims.  ECF No. 66, May 23, 2012 Transcript of Proceedings - Motions Hearing at 76:8-15, 81:4-9 ("Transcript").  The Court denied Defendants' motion to dismiss Plaintiffs' claims for declaratory and injunctive relief.  *Id.*, Transcript at 81:10-19.

On July 13, 2012, Plaintiffs filed their Third Amended Class Action Complaint, deleting those causes of action dismissed by the Court and adding further specificity for the remaining claims. ECF No. 75,  Pls.' Third Am. Class Action Compl.  Plaintiffs thereafter unsuccessfully moved for class certification (ECF No. 212, Dec. 13, 2012 Mem. Op. & Order striking class allegations and directing Plaintiffs to amend pleadings), and on December 17, 2012, filed Plaintiffs' Fourth Amended Complaint, which is the live pleading.  ECF No. 215, Pls.' Fourth Am. Compl.  The live pleading asserts claims for "Fraudulent Misrepresentation" (Count A); "Unjust Enrichment" (Counts B and C); "Declaratory Judgment" (Count D); and "Injunctive Relief" (Count E), as well as a derivative claim for civil conspiracy, and requests declaratory and injunctive relief.  *Id.*  Defendants filed amended answers and asserted affirmative defenses, including laches, waiver, and set-off.  ECF No. 238, MERS Ans.; ECF No. 242, BOA Ans.  On November 13, 2012, Defendants filed motions for summary judgment as to all claims (ECF Nos. 185, 187), and Plaintiff filed a motion for partial summary judgment (ECF No. 182), all of which are ripe for adjudication.[2]  Prior to analyzing the pending motions, the Court sets forth the largely undisputed material facts in the summary judgment record.[3]

### A.    The MERS System

---

[2]Although the motion for partial summary judgment was originally filed by Plaintiffs Dallas, Brazoria and Harris Counties, the Court will treat it as Dallas County's motion, given that Harris and Brazoria Counties have since stipulated to dismissal with prejudice as to all remaining claims with the exception of the declaratory judgment claim at Count 6D of the Fourth Amended Complaint ¶ 119(a)(iii). The Court has issued a separate summary judgment briefing schedule as to the declaratory judgment claim. *See* ECF No. 268, Stip. of Partial Dismissal; ECF No. 270, Rule 54(b) Partial Final Judgment and Order of Dismissal; ECF No. 272, Briefing Sch. for Harris and Brazoria Counties.

[3]Unless noted, all facts set forth herein are undisputed.  If disputed, they are viewed in the light most favorable to the non-moving party.  *See* Fed. R. Civ. P. 56.

MERS is a subsidiary of MERSCORP, a membership organization whose members include various mortgage banks, title companies, and title insurance companies, including BOA.  Pl. App. at 1.  The relationship between MERSCORP and its members is memorialized in membership agreements.  MERS SJ App. Ex. D.  MERSCORP was developed by the real estate industry for two purposes: 1) to own and operate an electronic registration system for tracking interest in mortgage loans (the "MERS System") and 2) for its wholly-owned subsidiary, MERS, to act as mortgagee of record on behalf of the members of MERSCORP.  Pl. App. at 3.  The MERS System operates as follows:

At the origination of a residential loan, the lender takes possession of the promissory note, a negotiable instrument under Article 3 of the Uniform Commercial Code which can be bought and sold, and the borrower and lender designate MERS (as the lender's nominee) as mortgagee or as beneficiary of the security instrument.  MERS SJ App. Ex. A (MERS Deed of Trust at 1-2).  The MERS Deed of Trust provides that "MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns.  **MERS is the beneficiary under this Security Instrument**."  *Id.* (MERS Deed of Trust ¶ E) (original emphasis).  The Deed of Trust also provides that "Borrower understands and agrees that MERS holds only legal title to the [secured] interests granted by Borrower in this Security Instrument" and that "MERS (as nominee for Lender and Lender's successors and assigns) has the right . . . to foreclose and sell the Property[.]"  *Id.* (MERS Deed of Trust at 3).

After the borrower signs the MERS Deed of Trust, it is recorded in the public, local land records for the State of Texas.  *See id.* (MERS Deed of Trust at 1).  After the initial recording, when the note secured by the Deed of Trust is sold by the original lender to others, where the sale involves

5

MERS members, no assignment of the Deed of Trust is created or recorded.  *See* MERS SJ App. Ex. D (MERS Information and Application at 2).   MERS remains listed as the mortgagee or beneficiary under the Deed of Trust of record in the public land records throughout the life of the loan.  *See id.* If a note is assigned to a non-MERS member, an assignment of the Deed of Trust is executed from MERS to the non-MERSCORP member, and the assignment is recorded in the county where the real estate is located.  *See generally* MERS SJ App. Ex. I (Corporate Assignment of Deed of Trust).

**B.     The Dallas County Recording System**

Plaintiff Dallas County has an elected county clerk who has the responsibility to record instruments that are presented for recording, and maintaining these instruments as "public property." BOA SJ App. at 3 (July 9, 2012 Deposition of John Warren, p. 13:19-21) ("July 9 Warren Depo."); Tex. Prop. Code § 11.004(a)(1); Tex. Local Gov't Code § 201.005.  A county clerk must record "within a reasonable time after delivery, any instrument authorized or required to be recorded in the clerk's office that is proved, acknowledged, or sworn to according to law."  Tex. Local Gov't Code § 201.005.

A deed of trust is an instrument that is permitted, though not required, to be recorded.  *Id.* § 193.003.  When a county clerk receives an instrument that is required or permitted by law to be recorded, the county clerk "shall record, exactly, without delay, and in the manner provided by this subtitle, the contents of each instrument that is filed for recording and that the clerk is authorized to record."  *Id.* § 191.001(c).  The Dallas County clerk does not make any separate effort to determine whether the statements made in the instrument are true.  BOA SJ App. at 13 (July 9 Warren Depo., p. 186:4-18).  Where an instrument is presented for recording that is regular on its face, the Dallas County clerk (and county clerks generally) will record it.  *Id.* at 10-11 (July 9 Warren Depo., p. 160:4

6

- 161:12); *id.* at 61-68, Tex. Atty. Gen. Op. LO98-016, at 3 (Where document presented for recording "is regular on its face, the clerk may not refuse to file it based on extraneous facts.").

The county clerk must maintain an index of "recorded deeds . . . and other instruments related to real property[,]" and must index the recorded documents by listing names of the grantors and grantees in alphabetical order.   Tex. Local Gov't Code § 193.003.   The index is a tool to enable persons to locate instruments in the county's records, but is not a substitute for the actual recorded documents.   BOA SJ App. at 12 (July 9 Warren Depo., p. 172:21-22).   The purpose of the index is to enable anyone interested in reviewing matters of record to actually locate the subject documents. *Id.* at 69-72 (Tex. Atty. Gen. Op. GA-0702 (2009)).   Each county clerk indexes recorded instruments pursuant to a county's particular and differing written policies and procedures, without instruction or direction from MERS or BOA.   MERS SJ App. Ex. J (July 9 Warren Depo., p. 57:19-58:4). Dallas County's indexing policies and procedures were established in consultation with the "title companies, landmen [and] abstractors" who use the County's index.   *Id.* (July 9 Warren Depo., p. 174:7-14).   The Dallas public uses a search format other than the index and has no access to the grantor/grantee index.   *Id.* (July 9 Warren Depo., p. 201:7-22, 206:16-25).   Dallas County's grantor/grantee index may be searched by grantor, grantee, or the legal description of the property. MERS SJ App. Ex. F (Pl. Resp. to MERS First Set of Ints., Resp. No. 21).

County clerks have no discretion not to record where an instrument appears regular on its face.   BOA SJ App. at 10 (July 9 Warren Depo., p. 159:2-15).   By statute, however, a clerk is empowered to refrain from recording a fraudulent document while they consult counsel.   *See* Tex. Gov't Code § 51.901(d) ("[i]f a county clerk believes in good faith that a document filed with the county clerk to create a lien is fraudulent, the clerk shall . . . request the assistance of the court or

district attorney to determine whether the document is fraudulent before filing or recording the document."). County clerks maintain a practice of referring potentially fraudulent instruments to the District Attorney for review before recording the instrument, but have not used this statutory mechanism to report a MERS document as a suspected fraudulent document. BOA SJ App. at 3-4 (July 9 Warren Depo., p. 16:23-17:11); *id* at 7-8 (July 9 Warren Depo., p. 68:22-69:1) (Dallas County has indexed MERS as grantee as long as County Clerk Warren has been county clerk). Dallas County Clerk Warren, to the best of his knowledge, never contacted BOA or MERS regarding the designation of MERS as a beneficiary or any harm to the county's land records. *Id.* at 75-75a, 79 (July 10, 2012 Warren Depo., p. 23:25-26:7, 157:8-11) ("July 10 Warren Depo.").

Although a county clerk may seek an opinion from the Texas Attorney General regarding, among other things, filing and recording of instruments, *see* Tex. Gov't Code § 402.042, Dallas County Clerk Warren has not used this provision to ask the Texas Attorney General whether the use of MERS as beneficiary in recorded documents is fraudulent. BOA SJ App. 75 (July 10 Warren Depo., p. 24:8-11); *id.* at 141, 157-58, 186-87 (Obj. and Resp. to BOA's First Req. for Admissions by Dallas, Harris and Brazoria Counties, Admission Nos. 17-19).

Over the last fifteen years, more than 3.9 million MERS Deeds of Trust have been proffered to and accepted for recording in the public records by Counties in the State of Texas, and recording fees have been paid to and accepted by county clerks who carry out their ministerial duty of recording MERS Deeds of Trust. MERS SJ App. Ex. P (MERS Resp. to Pl. First Set of Ints., Resp. No. 2); MERS SJ App. Ex. Q (October 4, 2012 Warren Depo., p. 286:16-20). Each time a MERS Deed of Trust is accepted for recording, Plaintiff accepts and is paid a recording fee for the service. MERS SJ App. Ex. J (July 9 Warren Depo., p. 126:13-21). At present, and since the filing of this

lawsuit, believing it to be the prudent course since the issues in this action are still pending, Plaintiff continues to accept MERS Deeds of Trust for recording and continues to index MERS as grantee, even after alleging in this lawsuit that MERS Deeds of Trust contained fraudulent misrepresentations. MERS SJ App. Ex. F (Pl. Resp. to MERS First Set of Ints., Resp. Nos. 8, 10).

## II.    Legal Standard

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

## III.    Analysis

### A.    Defendants' Motions for Summary Judgment

The MERS Defendants and BOA have each moved for summary judgment as to Plaintiff's claims for fraudulent misrepresentation, unjust enrichment, civil conspiracy, injunctive and declaratory relief. *See* ECF No. 186, Brief in Support of Defendants MERSCORP Holdings, Inc.'s and Mortgage Electronic Registration Systems, Inc.'s Motion for Summary Judgment ("MERS MSJ"); ECF No. 189, Statement of Undisputed Facts and Memorandum of Law in Support of Motion for Summary Judgment by Bank of America, N.A. ("BOA MSJ"). Defendants also contend that Plaintiff's claims are barred by, among other things, laches and waiver, Plaintiff opposes Defendants' respective motions, arguing that Defendants are relying on statutory and case law unrelated to recording statutes, that fact issues preclude summary judgment, and that laches and waiver do not apply to governmental entities. *See* ECF No. 204, Pl. Brief in Supp. of Resp. to BOA MSJ ("Pl. Resp. to BOA MSJ"); ECF No. 201, Pl. Brief in Supp. of Resp. to MERS MSJ ("Pl. Resp. to MERS MSJ").

### 1.    Fraudulent Misrepresentation (Count 6A)

The elements of a claim for fraudulent misrepresentation under Texas law are: (1) a material misrepresentation; (2) that was false when made; (3) the defendant either knew the representation was false or asserted it without knowledge of its truth; (4) the defendant intended that the representation be acted upon; (5) the plaintiff acted in reliance on the representation; and (6) the plaintiff was injured as a result. *Malacara v. Garber*, 353 F.3d 393, 403-04 (5th Cir. 2003) (citing *Formosa Plastics Corp. USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)).

The MERS Defendants argue that summary judgment in their favor is warranted because:

(1) the statement in MERS Deeds of Trust that "MERS is the beneficiary under the Security Instrument" is an agreed upon contractual provision that as a matter of law

10

cannot form the basis for a fraudulent misrepresentation claim; (2) as a matter of law, the statement in MERS Deeds of Trust that "MERS is the beneficiary under the Security Instrument" is not false; (3) when the MERS Deeds of Trust were and are proffered for recording, the MERS Defendants do not and did not know that statement in the Deeds of Trust that "MERS is the beneficiary under the Security Instrument" to be false; (4) the statement in MERS Deeds of Trust that "MERS is the beneficiary under the Security Instrument" was not and is not made by the MERS Defendants with the intent to induce Texas counties and the recording Clerks to rely on the truth of the "representation"; (5) the Counties did not and could not actually rely on the statement in MERS Deeds of Trust that "MERS is the beneficiary under the Security Instrument" in accepting and recording the Deeds of Trust; (6) the Counties did not and do not actually rely on the statement in MERS Deeds of Trust that "MERS is the beneficiary under the Security Instrument" in indexing MERS as a grantee; (7) the Counties did not and do not justifiably rely on the statement in MERS Deeds of Trust that "MERS is the beneficiary under the Security Instrument" in accepting and recording the Deeds of Trust or indexing MERS as a grantee; and (8) the Counties were not and are not injured or damaged by the statement in MERS Deeds of Trust that "MERS is the beneficiary under the Security Instrument."

MERS MSJ at 16-40.  BOA makes similar arguments.  *See* BOA MSJ at 22-29.  In response, Plaintiff contends on each element that Defendants are not entitled to summary judgment.  Pl. Resp. to BOA MSJ at 17-37; Pl. Resp. to MERS MSJ at 10-36.

As set forth more fully below, the Court grants summary judgment in Defendants' favor as to the fraudulent misrepresentation claims, since Plaintiff has failed to raise a genuine issue of material fact that: (1) Dallas County acted in reliance on the alleged misrepresentations, or (2) Dallas County was injured or damaged as a result of the misrepresentation.  *See Malacara*, 353 F.3d at 403-04.  The Court considers these elements in turn.

### a.    Reliance on Misrepresentation

Defendants argue that Plaintiff has failed to present any competent summary judgment evidence that it relied to its detriment on alleged misrepresentations in the Deed of Trust that "MERS is the beneficiary under the Security Instrument" in accepting and recording the MERS Deeds of Trust or indexing MERS as grantee.  Defendant BOA points to the undisputed evidence that county

11

clerks have testified "that they do not read or rely on the content of MERS deeds of trust in deciding whether to record them.  A recorder examines the instrument on its face to determine if it meets the basic criteria for recording, and records if it does."  BOA MSJ at 27.  BOA further argues that the county clerks, "as the statutorily designated keepers of land records, have no legal interest in the terms of any particular instrument beyond confirming that it fits the criteria for recording, and indeed their testimony confirms that their interest goes no further.  The narrowly circumscribed relationship between Plaintiffs and the contents of their land records themselves is incompatible with the notion that they could 'rely' on the designation of MERS to their detriment."  *Id.*  The MERS Defendants make similar arguments.  *See* MERS MSJ at 27 ("Because their function is purely ministerial, the Counties and their recording Clerks all testified that they do not read the MERS Deeds of Trust, and they do not review the MERS Deeds of Trust to determine or understand if the contractual provisions are accurate statements.").

In opposition, Plaintiff argues that the county clerks "rely" on the statement that MERS is a beneficiary on "accepting the instruments for recording," and also argues that reliance should be an issue for trial since "[t]he law places no duty upon Plaintiffs to test the veracity of the statements made."  *See* Pl. Resp. to BOA MSJ at 35.

The Court agrees with Defendants that Plaintiff has not provided the Court with summary judgment evidence of reliance on the alleged fraudulent misrepresentations in its recording or indexing.[4]  Plaintiff does not dispute the testimony of County Clerk Warren that county clerks do not read or rely on the contents of instruments they record.  *See* July 9 Warren Depo., pp. 13:19-21;

---

[4]The Court's analysis relates to the purported misrepresentations identified by Plaintiff, namely, that MERS is the "beneficiary" of deeds of trust, and that MERS is a "lender" on, or "owner and holder" or "payee" of, promissory notes secured by deeds of trust.

57:19-58:4, 159:2-15;160:4-161:12; 186:4-18.  Further, a clerk by statute is required to record each document presented to it for recording.  *See* Tex. Local Gov't Code §§ 191.001(c), 201.005; *see also* Tex. Atty. Gen. Op. LO98-016, at 3 (where document presented for recording "is regular on its face, the clerk may not refuse to file it based on extraneous facts.").  Plaintiff has presented no evidence that in recording the mortgages naming MERS as beneficiary or mortgagee, or in indexing, that it changed its position in reliance on alleged misrepresentations concerning MERS, as the county clerk had a statutory duty to record the documents presented.. *See Thanksgiving Tower Partners v. Anros Thanksgiving Partners*, 64 F.3d 227, 233 (5th Cir. 1995) ("Under Texas law, however, detrimental reliance does not consist of the performance of pre-existing obligations.").

In a similar case brought by a county clerk in Florida alleging that MERS recorded false statements that it was the mortgagee, the court rejected the plaintiff's fraudulent and negligent misrepresentation claims, and granted MERS' motion to dismiss, stating:

> Accordingly, even assuming, *arguendo*, that Plaintiff is correct that MERS' filings are false and deceptive, Plaintiff has no authority to reject these mortgages when they are properly presented to him.  Plaintiff must accept them, even if he operates under the assumption that they contain false information.  **Therefore, despite the allegations to the contrary, Plaintiff cannot, as a matter of law, sustain these causes of action because he cannot demonstrate that he relied on the purported misrepresentation — an indispensable element for these claims — nor that Plaintiff justifiably relied on the purported misrepresentation. Plaintiff cannot allege that he was somehow induced into entering these documents into the public record based on his misunderstanding that MERS was the mortgagee**.

*Fuller v. Mortgage Electronic Registration Systems, Inc.*, 888 F.Supp.2d 1257, 1278 (M.D. Fla 2012) (emphasis added).

Given the undisputed deposition testimony of County Clerk Warren, as well as the statutory duty placed on the county clerk to record, and finding the reasoning in *Fuller* persuasive, the Court concludes that Plaintiff has failed to raise a genuine issue of material fact that it relied on purported

false representations to its detriment.  The Court therefore grants summary judgment in Defendants' favor on Plaintiff's claim for fraudulent misrepresentation.

       b.     *Injury Caused by Misrepresentation*

Alternatively, the Court agrees with Defendants that Plaintiff has failed to raise a fact issue that it suffered injury or damages arising from any reliance on the purported misrepresentation.  First, the Court notes that it previously dismissed Plaintiff's negligent misrepresentation and grossly negligent misrepresentation claims because of Plaintiff's inability to show a pecuniary loss suffered as a result of Plaintiff's reliance on the alleged misrepresentation. *See* Transcript at 78:15-18; 80:6-7 ("[A] claim for negligent misrepresentation requires the plaintiff to show a pecuniary loss suffered as a result of the Plaintiff's reliance on misrepresentation . . . Plaintiff has failed to plead enough facts to show [it] suffered a pecuniary loss.").  The Court also noted that "the avoidance of the costs and filing fees associated with the filing, registering, or recording of subsequent documents" is "insufficient to state a claim." *Id.* 77:11-12.

In response to Defendants' argument that Plaintiff has failed to raise a fact issue for trial on any injury caused by reliance on the purported misrepresentation, Plaintiff contends that Defendants caused "damages to the Plaintiff[]in the form of corruption of the real property records." Pl. Resp. to BOA MSJ at 36.  As Defendants correctly note in reply, Plaintiff "nowhere point[s] to a legal principle or evidence that **they** own the records and so **they** suffered the alleged loss."  BOA Reply at 14 (original emphasis).  Indeed, the only evidence before the Court is that the county clerk never received any complaints or suffered any harm due to alleged corruption of the records.  *See* Oct. 4 Warren Depo., pp. 308:17- 309:16; 313:24 - 314:4 (testifying that noone ever declined to purchase records due to alleged inaccuracies).

14

At this summary judgment stage, "it is not sufficient for a plaintiff to simply state a theory of damages without pointing to competent summary judgment evidence of facts showing that it actually suffered damages claimed." *Terra Partners v. Rabo Agrifinance, Inc.*, 2011 WL 5527292, at *6 (N.D. Tex. Nov. 8, 2011) (and cases cited therein); *Celotex Corp.*, 477 U.S. at 325 (non-moving party must go beyond pleadings and designate specific facts to show there is a genuine issue for trial).

The Court concludes that Plaintiff has failed to point to summary judgment evidence that establishes it suffered any harm or injury as a result of reliance on purported misrepresentations. The Court therefore grants summary judgment in Defendants' favor on Plaintiff's claim for fraudulent misrepresentation on this ground as well.[5]

### 2.      Unjust Enrichment (Counts 6B and 6C)

Unjust enrichment is not an independent cause of action under Texas law. *Hoffman v. L&M Arts*, 774 F.Supp.2d 826, 848 n.18 (N.D. Tex. 2011) (Fitzwater, J.) (and cases cited therein). Instead, Texas courts treat unjust enrichment as a claim for money had and received. *Id.* "A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of undue advantage." *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992).

Defendants argue that Plaintiff has presented no evidence that Plaintiff conferred a benefit upon Defendants, the retention of which would result in Defendants being unjustly enriched.

---

[5]Given the Court's conclusion that Dallas County has not raised a fact issue as to the elements of reliance and injury, the Court has not needed to consider Defendants' extensive arguments pertaining to the remaining elements of a cause of action for fraudulent misrepresentation, many of which hinge on Chapter 51 of the Texas Property Code and rely on wrongful foreclosure cases.

Specifically, BOA contends that the Texas Legislature, not Plaintiff, provided the "benefit" of lien

priority, that Plaintiff is not entitled to fees for work never performed under Texas law, and as there

is no duty to record under Texas law, Defendants' conduct cannot have been unjust.  *See* BOA MSJ

at 31-34.  The MERS Defendants raise similar arguments.  In opposition, Plaintiff argues that the

MERS System allows MERSCORP members to receive the benefit of lien priority using the public

recording system while "avoiding the costs of preparing assignments and paying the filing fees

associated with recording such assignments."  Pl. Resp. to BOA MSJ at 38.

Other courts that have addressed this issue have found no unjust enrichment.  As stated by

the court in *Fuller*, *supra*, in dismissing the county clerk's unjust enrichment claim against MERS:

> Plaintiff cannot allege that MERS failed to pay the recording fee for any mortgage
> or assignment of mortgage that Plaintiff recorded . . . Plaintiff has not conferred a
> benefit upon MERS by complying with his statutory obligations—recording a
> mortgage.  Plaintiff's recording task is merely ministerial and Plaintiff is without
> discretion in the matter.  **Any benefit from recording a mortgage, as MERS points
> out, is derived from Florida law—*i.e.* priority of a lien— not from Plaintiff.**

*Fuller*, 888 F.Supp.2d at 1275 (emphasis added); *see also Smart v. Tower Land & Inv. Co.*, 597

S.W.2d 333, 337 (Tex. 1980) (a claim for equitable subrogation to prevent unjust enrichment is only

appropriate if the benefit conferred is "not required by legal duty or contract.")

In sum, the Court concludes that Plaintiff has failed to raise a fact issue for trial regarding

its unjust enrichment claim.  Therefore, the Court grants summary judgment in Defendants' favor

on this claim.

### 3.    Civil Conspiracy (Derivative Claim)

Defendants have also moved for summary judgment on Plaintiff's derivative claim of civil

conspiracy.  Under Texas law, the elements of a claim for civil conspiracy are: (1) two or more

persons; (2) an objective to be accomplished; (3) a meeting of the minds on the objective; (4) one

or more unlawful overt acts; and (5) damages as a proximate result of the conduct. *Murray v. Earle*, 405 F.3d 279, 2993 (5th Cir. 2005) (citing *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983)).  Civil conspiracy is a "derivative tort" contingent on defendant's participation in some underlying tort. *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996).  As no underlying claim remains upon which to base this derivative tort, the Court enters judgment as a matter of law in favor of Defendants as to Plaintiff's civil conspiracy claim.

### 4.      Declaratory Judgment (Count 6D)

In light of the Court's summary judgment in Defendants' favor on Plaintiff's fraudulent misrepresentation claim, the Court grants judgment as a matter of law in favor of Defendants on Plaintiff's request for declaratory judgment premised on a prior finding of fraud. *See* Pls.' Fourth Am. Compl. Count D, ¶ 129(a)(i) and (ii) (requesting declaration that "recording, causing to be recorded, or approving the recording of instruments which falsely state that MERS has a lien upon or interest in real property which MERS does not have with the intent to cause MERS to be indexed as a 'Grantee,'" or as a "Grantor," in Plaintiffs' "Statutory Grantor/Grantee Indexes" is "a violation of Texas law."); *see generally Watson v. CitiMortgage, Inc.*, 2012 WL 381205, at *9 (E.D. Tex. Feb. 3, 2012)(A declaratory judgment "is simply a form of relief based on an underlying claim.").

With regard to Dallas County's declaratory judgment claim set forth in Count 6D, ¶ 119(a)(iii) of Plaintiff's Fourth Amended Complaint—requesting a declaration that Section 192.007(a) of the Texas Local Government Code requires Defendants to file, register, or record releases, transfers, assignments and any other instrument already on file— the Court denies (without

prejudice to refiling) Defendants' pending summary judgment motions (ECF Nos. 185, 187) and will issue a briefing schedule separately.[6]

### 5.    Injunctive Relief (Count 6E)

The failure of Plaintiff's underlying substantive claims for fraudulent misrepresentation and unjust enrichment requires the Court to grant summary judgment in Defendants' favor as to Plaintiff's associated request for injunctive relief (Count 6E). *See Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) ("Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action.").

### 6.    Affirmative Defenses of Laches and Waiver

In light of the Court's decision granting summary judgment in Defendants' favor as to Plaintiff's claims for fraudulent misrepresentation, unjust enrichment and civil conspiracy, the Court need not consider Defendants' arguments in support of summary judgment that Plaintiff's claims are barred by laches and waiver.

### B.    Dallas County's Motion for Partial Summary Judgment

Dallas County seeks partial summary judgment that:

1.    MERS is not in [sic] the beneficiary of deeds of trust recorded in Texas and, therefore, statements that it is are false;

2.    MERS is not a "lender," "owner and holder," or "payee" of promissory notes and, therefore, statements that it is are false.

3.    Section 192.007(a) of the Texas Local Government Code requires Defendants to file, register, or record releases, transfers, assignments and any other instrument already on file.

---

[6]Although normally the Court would consider all claims in the context of resolving the current motions, in the interest of preserving scarce judicial resources and streamlining this litigation, the Court denies without prejudice Defendants' motions for summary judgment as to Plaintiffs' request for declaratory relief under Paragraph 191(a)(iii) of Plaintiffs' Fourth Amended Complaint, and will consider the issues presented in tandem with its consideration of Plaintiffs Brazoria and Harris Counties' request for identical declaratory relief.

ECF No. 182, Pl. Mot. and Mem. for Partial Summ. Judg. at 5 (Pl. MPSJ).

The Court's decision to grant summary judgment in Defendants' favor as to Plaintiff's fraudulent misrepresentation claim renders moot the first two issues presented in Plaintiff's motion, namely that "MERS is not in [sic] the beneficiary of deeds of trust recorded in Texas and, therefore, statements that it is are false" and that "MERS is not a 'lender,' 'owner and holder,' or 'payee' of promissory notes and, therefore, statements that it is are false." *See* Pl. MPSJ at 5.[7]

As to the third issue presented, *i.e.*, Plaintiff's request for a declaration that Section 192.007(a) of the Texas Local Government Code requires Defendants "to file, register, or record releases, transfers, assignments and any other instrument already on file," (Pl. MPSJ at 5), in the context of ruling on Defendants' summary judgment motions, the Court has already *sua sponte* severed this issue for separate briefing and, accordingly, denies as moot Plaintiff's motion for partial summary judgment insofar as it seeks a declaration pertaining to Tex. Local Gov't Code § 192.007(a).

## IV.   Conclusion

Based on the foregoing, with regard to Dallas County's claims for fraudulent misrepresentation (Count 6A), unjust enrichment (Counts 6B and 6C), and derivative civil conspiracy claim, the Court:

> •**grants** Defendants MERSCORP Holdings, Inc.'s and Mortgage Electronic Registration Systems, Inc.'s Motion for Summary Judgment (ECF No. 185);

---

[7]Alternatively, the Court notes that Dallas County has not submitted a statement of undisputed material facts to support its request for partial summary judgment, and agrees with Defendants that resolving the issues in the context of Defendants' comprehensive summary judgment motions is preferable, as it will avoid the risk of piecemeal litigation and interlocutory decisions which are not appealable until after the case has been resolved, conserve judicial and party resources, and facilitate resolution of this lawsuit. *See generally* Def. Resp. to Pl. MPSJ at 6-7 (and cases cited therein regarding drawbacks of partial summary judgment motions).

•**grants** Motion for Summary Judgment by Defendant Bank of America, N.A. (ECF No. 187); and

 •**denies as moot** Dallas County's Motion and Memorandum for Partial Summary Judgment (ECF No. 182).

With regard to Dallas County's declaratory judgment claim (Count 6D), the Court **grants in part** (Count 6D, ¶ 119(a)(i) and (a)(ii), (b)), and **denies in part without prejudice to refiling** (Count 6D, ¶ 119(a)(iii)), Defendants' pending summary judgment motions (ECF Nos. 185, 187); and **denies as moot** Dallas County's Motion and Memorandum for Partial Summary Judgment (ECF No. 182).  A summary judgment briefing schedule as to Dallas County's sole remaining declaratory judgment claim (*see* Count 6D, ¶ 119(a)(iii) of Plaintiffs' Fourth Amended Complaint) will issue separately.  The directive of Texas's recording statute regarding whether mortgage assignments must be recorded will be dispositive.

With regard to Dallas County's request for injunctive relief associated with the common law claims (Count 6E), the Court **grants** Defendants' pending summary judgment motions (ECF Nos. 185, 187).

Further, given the quality of the legal briefing and the Court's familiarity with the issues presented, the Court finds no need for a hearing, and accordingly **denies** Plaintiffs' Motion for Hearing on Pending Motions for Summary Judgment (ECF No. 226).  Finally, the Court **denies** Defendant Bank of America, N.A.'s Motion to Strike Portions of Fourth Amended Complaint (ECF No. 239), finding that a pretrial motion in limine would serve the same purpose as BOA's request that the Court strike what it perceives to be immaterial, impertinent or scandalous allegations in Plaintiffs' Fourth Amended Complaint.

**SO ORDERED** this **4th** day of **November, 2013.**

20

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**