## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **DALLAS COUNTY, TEXAS, et al.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:11-cv-02733-O** |
| | § | |
| **MERSCORP, INC., et al.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are the parties' cross-motions for summary judgment filed November 12, 2013, on Plaintiffs' request that this Court issue a declaratory judgment interpreting Section 192.007 of the Texas Local Government Code, the only remaining claim in this lawsuit. *See* Plaintiffs Harris and Brazoria Counties' Motion for Summary Judgment (ECF No. 294); Plaintiff Dallas County's Motion for Summary Judgment (ECF No. 301); and Defendants' Motion for Summary Judgment (ECF No. 298). Also before the Court are various evidentiary objections and motions to strike filed by Plaintiff Dallas County, as well as its motion for leave to file a reply in further support of its summary judgment motion. *See* Plaintiff Dallas County's Objections to and Motion to Strike Defendants' Expert Designations and Reports (ECF No. 292); Plaintiff Dallas County's Objections to and Motion to Strike Exhibits in Support of Defendants' Motion for Summary Judgment (ECF No. 315); and Plaintiff Dallas County's Motion for Leave to File Reply to Defendants' Response to Dallas County's Motion for Summary Judgment (ECF No. 323). Finally, before the Court is

1

Plaintiff Dallas County's motion for reconsideration of the Court's November 4, 2013 decision granting summary judgment in Defendants' favor on Dallas County's claims for fraudulent misrepresentation, unjust enrichment and civil conspiracy. *See* Plaintiff Dallas County's Motion to Reconsider and Vacate [November 4, 2013] Summary Judgment Decision (ECF No. 309).

Having considered the motions, responses, record, evidence, and applicable law, and for the reasons set forth below, the Court: **grants** Defendants' Motion tor Summary Judgment (ECF No. 298); **denies** Plaintiff Dallas County's Motion for Summary Judgment (ECF No. 301); **denies** Plaintiffs Harris and Brazoria Counties' Motion for Summary Judgment (ECF No. 294); **overrules and denies as moot** Plaintiff Dallas County's Objections to and Motion to Strike Defendants' Expert Designations and Reports (ECF No. 292); **overrules and denies as moot** Plaintiff Dallas County's Objections to and Motion to Strike Exhibits in Support of Defendants' Motion for Summary Judgment (ECF No. 315); **denies as moot** Plaintiff Dallas County's Motion for Leave to File Reply to Defendants' Response to Dallas County's Motion for Summary Judgment (ECF No. 323); and **denies** Plaintiff Dallas County's Motion to Reconsider and Vacate [November 4, 2013] Summary Judgment Decision (ECF No. 309).

## I.     Factual and Procedural Background

This action, pending since October 2011, has been winnowed down from the original thirteen claims to the one claim that remains unresolved: Plaintiffs' request for a declaratory judgment that, based on Texas Local Government Code § 192.007(a), "the following actions of Defendants constitute a violation of Texas law":

> releasing, transferring, assigning, or taking other action relating to an instrument that is filed, registered, or recorded in the office of the county clerk without filing,

> registering, or recording another instrument relating to the action in the same manner
> as the original instrument was required to be filed, registered, or recorded.

ECF No. 215, Fourth Am. Compl. ¶ 119(a)(iii).  Previous opinions of the Court detail the facts of this case, and the Court therefore only sets forth a summary of background facts and procedural history pertinent to resolving the current motions.

Plaintiff Dallas County, Texas ("Dallas County") filed this lawsuit on September 20, 2011, in Texas state court against MERSCORP, Inc. ("MERSCORP"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Bank of America, N.A. ("BOA") (sometimes collectively, "Defendants").  The gravamen of Dallas County's complaint is that Defendants conspired to create a private electronic mortgage registration system for tracking ownership interests and servicing rights associated with residential mortgage loans.  According to Dallas County, this system usurps the county clerk's role under the statutorily created recording systems in a manner inconsistent with Texas law, thereby depriving Dallas County of recording fees and corrupting its real property records.  ECF No. 1, Notice of Removal at Exs. B-1 and B-2 (Pl.'s Orig. Pet. & Pl.'s First Am. Orig. Pet.).

On October 14, 2012, Defendants removed the case to this Court asserting subject matter jurisdiction under 28 U.S.C. § 1332.  *Id.*, Notice of Removal ¶ 4.  After removal, Dallas County filed a Class Action Complaint (ECF No. 10), and on March 6, 2012, Dallas County filed a First Amended Class Action Complaint (ECF No. 27), adding Plaintiffs Harris County, Texas ("Harris County") and Brazoria County, Texas ("Brazoria County"), and asserting claims for: unjust enrichment; negligent, grossly negligent, and fraudulent misrepresentation; negligent and grossly negligent undertaking; negligence per se and gross negligence per se; and conspiracy, as well as state statutory claims for

3

violations of Texas Civil Practice and Remedies Code § 12.002 and Texas Local Government Code § 192.007, and seeking monetary damages, declaratory and injunctive relief, and exemplary damages. *See* ECF No. 27, Pls.' First Am. Class Action Compl. ¶¶ 157-58, 159-60, 161.

On March 9, 2012, Defendants jointly moved to dismiss Plaintiffs' claims. ECF No. 30, Def. Mot. to Dis. On May 8, 2012, Plaintiffs filed a Second Amended Class Action Complaint (ECF No. 53). On May 23, 2012, following a hearing, the Court granted Defendants' motion to dismiss in substantial part, dismissing eight of the thirteen counts. Specifically, the Court dismissed causes of action for violations of Texas Civil Practice and Remedies Code § 12.002, and for damages under Texas Government Code § 192.007, as well as negligent and grossly negligent misrepresentation, negligence per se and gross negligence per se, and negligent undertaking and grossly negligent undertaking. ECF No. 66, MTD Hr'g Tr. 76:8-15, 81:4-9. The Court denied Defendants' motion to dismiss Plaintiffs' fraudulent misrepresentation and unjust enrichment claim, as well as Plaintiffs' request for declaratory and injunctive relief associated with these claims. *Id.* at 81:10-19.

On July 13, 2012, Plaintiffs filed their Third Amended Class Action Complaint, deleting those causes of action dismissed by the Court and adding further specificity for the remaining claims. ECF No. 75, Pls.' Third Am. Class Action Compl. After unsuccessfully moving for class certification, on December 17, 2012, Plaintiffs filed their Fourth Amended Complaint, re-asserting the remaining claims of fraudulent misrepresentation, unjust enrichment, and civil conspiracy, and seeking declaratory and injunctive relief. ECF No. 215, Pls.' Fourth Am. Compl. Defendants filed amended answers and asserted affirmative defenses, including laches, waiver, and set-off. ECF No. 238, MERS Ans.; ECF No. 242, BOA Ans. On November 13, 2012, after discovery concluded, the

parties filed motions for summary judgment.

While the summary judgment motions were pending, the parties engaged in mediation with the Honorable Jeff Kaplan, which resulted in a settlement of all claims other than the Counties' declaratory judgment claim asking the Court to declare, among other things, that Section 192.007 of the Texas Local Government Code requires that interim documents relating to an initially-filed instrument be recorded. *See* Fourth Amended Complaint ¶ 119(a)(iii). The Harris and Brazoria Counties Commissioners Courts approved the settlement which mooted the pending summary judgment motions as to these counties. The Dallas County Commissioners Court, however, never voted on the settlement. On October 9, 2013, private counsel for Dallas County filed a motion to withdraw from the case citing a conflict "between Outside Counsel and Dallas County." ECF No. 263, Mot. at 2. On October 10, 2013, the Court granted the motion. ECF No. 264. On October 16, 2013, the Court issued a briefing schedule for summary judgment proceedings for the Section 192.007 declaratory judgment claim asserted by Harris and Brazoria Counties, requiring the parties to file simultaneous cross-motions for summary judgment and simultaneous responses. ECF No. 272, Briefing Schedule.

The Court held a status conference on October 23, 2013, at which counsel for Dallas County confirmed to the Court that the Dallas County Commissioners Court had not held a vote on the settlement. The Court informed the parties that, given how long the case had been pending, it was "clearing time" on its schedule to review and decide the still-pending summary judgment motions on Dallas County's claims. ECF No. 275, Oct. 23, 2013 Hr'g Trans. 14:2-11.

On November 4, 2013, the Court granted summary judgment in Defendants' favor as to

5

Dallas County's claims for fraudulent misrepresentation and unjust enrichment, as well as the derivative claim for civil conspiracy and requests for declaratory and injunctive relief related to these particular claims.  ECF No. 287, Mem. Op. at 19-20.  In light of its ruling, the Court declined to consider Defendants' alternative arguments that Dallas County's claims were barred by laches and waiver, and denied as moot Dallas County's cross-motion for partial summary judgment.  *Id.* at 18-20.  The Court severed the issue of whether Dallas County was entitled to summary judgment on its Section 192.007 declaratory judgment claim, and issued a briefing schedule requiring Defendants and Dallas County to file cross-motions for summary judgment followed by simultaneous responses to the motions on the remaining cause of action.  ECF No. 288, Briefing Schedule ("[n]o further briefing shall be filed without further order from this Court.").

More than a month after the Court issued its November 4, 2013 decision summarized directly above, Dallas County sought reconsideration of the decision.  *See* ECF No. 309, Dallas County Mot. to Recon. & Vacate Summ. Judg. Decision and Brief in Supp.

All pending motions have been fully briefed and are ripe for determination.  Prior to addressing the pending motions, the Court sets forth the largely undisputed material facts in the summary judgment record.

## II.    Facts[1]

Defendant MERSCORP is a Delaware corporation with its principal place of business in Reston, Virginia.  ECF No. 238, MERS Def. Ans. to Fourth Am. Compl. ¶ 5.  MERS is a subsidiary

---

[1]Unless noted, all facts set forth herein are undisputed.  If disputed, they are viewed in the light most favorable to the non-moving party.  *See* Fed. R. Civ. P. 56.

of MERSCORP, a membership organization whose members include, among others, residential mortgage lenders and servicers. *Id.*; ECF No. 186, MERS Brief in Supp. of First MSJ at 7, ¶ 2. BOA is a MERSCORP member and shareholder. ECF No. 296, Pls. Harris & Brazoria Counties MSJ App. at 2-3. The relationship between MERSCORP and its members is governed by membership agreements, as well as other documents and agreements. *Id.* at 2-3, 66.

The MERS System operates as follows: At the origination of a residential loan, when a mortgage lender who is a MERSCORP member loans money to a home buyer in Texas, two documents are created: (1) a promissory note executed in favor of the lender, which is a negotiable instrument under Article 3 of the Uniform Commercial Code and can be bought and sold, and (2) a deed of trust in which the borrower and lender designate MERS (as the lender's nominee) as beneficiary of the security instrument ("MERS Deed of Trust"). ECF No. 300-1, Def. MSJ App. at 14, 15, 19.

The MERS Deed of Trust provides that "MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument**." ECF No. 216-1, App. to Fourth Am. Compl. at 2 (MERS Deed of Trust ¶ E) (original emphasis). The Deed of Trust also provides that "Borrower understands and agrees that MERS holds only legal title to the [secured] interests granted by Borrower in this Security Instrument" and that "MERS (as nominee for Lender and Lender's successors and assigns) has the right . . . to foreclose and sell the Property[.]" *Id.* (MERS Deed of Trust at 3).

When a MERS Deed of Trust mortgage loan is closed, the lender: (a) takes possession of the note (and becomes the holder of the note); (b) records the MERS Deed of Trust in the county clerk's

office of the county in which the property is located; and (c) registers the mortgage loan on the

MERS System.  ECF No. 186, MERS Brief in Supp. of First MSJ at 8, ¶ 5 and at 12, ¶ 23; ECF No.

296, Pls. Harris & Brazoria Counties MSJ App. at 66.  After the initial recording, when the note (or

interest in a note) secured by the Deed of Trust is transferred between two MERS System members,

no assignment of the Deed of Trust is created or recorded, as MERS is designated and remains the

beneficiary for the lender's successors and assigns.  ECF No. 300-1, Def. MSJ App. at 16; ECF No.

296, Pls. Harris & Brazoria Counties MSJ App. at 52.  If a note is assigned or transferred to a non-

MERS System member, an assignment of the Deed of Trust is executed from MERS to the non-

MERS System member, and the assignee records the assignment in the public land records in the

county where the real estate is located.  ECF No. 216-2, App. to Fourth Am. Compl. at 246.

## III.   Cross-Motions for Summary Judgment on Declaratory Judgment Claim

On November 12, 2013, the parties filed their cross-motions for summary judgment. The

parties filed their responses on December 9, 2013.   The issues have been fully briefed and are ripe

for adjudication.[2]

### A.     *Summary of the Parties' Arguments – Declaratory Judgment Claim*

Defendants argue that the Court should refuse to issue the declaration sought by the Counties,

and instead enter judgment in their favor for four independent reasons.  First, Defendants argue that

---

[2]Plaintiff Dallas County has filed a Motion for Leave to File Reply to Defendants' Response to
Dallas County's Motion for Summary Judgment, stating that it wishes to "respond[] to [Defendants']
characterization of testimony" of Fort Bend County Clerk Dianne Wilson and to object to the authenticity
of the 1993 MERS white paper titled "Whole Loan Book Entry Concept for the Mortgage Finance Industry."
*See* ECF No. 323, Mot. for Leave.  As the Court has not relied on Defendants' characterization of county
clerk Wilson's testimony or the white paper in ruling on the pending motions, the Court denies Dallas
County's Motion for Leave as moot.

"Section 192.007 imposes no duty to record assignments of previously-recorded deeds of trust [and] only tells county clerks **how** to record a document that relates to a previously-recorded instrument — it is not a substantive mandate directing that anyone **must** record anything." ECF No. 299, Def. Memo. of Law in Supp. of Def. Mot. for Summ. Judg. on Decl. Judg. Claim at 1 (original emphasis) ("Def. Summ. Judg. Mot."). Second, Defendants contend that the Court should independently enter summary judgment in their favor "because Section 192.007 does not require anyone to first **create** assignments or other documents." *Id.* at 2 (original emphasis). In further support of this second ground, Defendants assert that the Counties "have uncovered no evidence that there are existing deed of trust assignments created (but not recorded) for MERS loans, and thus no assignments to record even if a duty existed." *Id.* Third, Defendants argue that the "Counties' requested declaration rests on the mistaken theory that when notes secured by deeds of trust are transferred, the non-existent assignments of those deeds of trust must be created and recorded [but] Section 192.007 does not apply at all to transfers of promissory notes, which are not interests in real property." *Id.* According to Defendants, "Section 192.007 only applies to recorded instruments, and notes are **never** recorded." *Id.* (original emphasis). Finally, Defendants contend that even if the Counties' interpretation were correct, summary judgment in Defendants' favor would still be required as the "Texas Legislature did not grant a private right of action to the Counties or to anyone else to enforce Section 192.007, and so the Counties are barred from seeking declaratory relief about the statute's meaning." *Id.*

The Counties argue that the clear and unequivocal language of Section 192.007(a) imposes a mandatory requirement that assignments, releases, and transfers of deeds of trust must be

memorialized in the county land records whenever a loan is sold.  *See* ECF No. 301-1, Brief in

Support of Dallas County's Motion for Summ. Judg. at 11-13 ("Dallas County MSJ Brief"); ECF

No. 295, Harris and Brazoria Counties' Statement of Undisp. Material Facts and Brief in Supp. of

Mot. for Summ. Judg. at 8-12 ("Harris & Brazoria Counties MSJ Brief").  Harris and Brazoria

Counties contend that the language of Section 192.007(a) is "mandatory," not "precatory," and the

Court should give the words their "ordinary meaning."  Harris & Brazoria Counties MSJ Brief at 9.

"Had the Legislature intended to use the word 'may' . . . it certainly could have.  But it did not."  *Id.*

Thus, according to Harris and Brazoria Counties, "once a person elects to record an instrument, the

plain language of Section 192.007 requires that the information in that instrument be kept current

by recordation of any 'release, transfer, assign[ment], or [other] action relating to [that] instrument.

. . .'"  *Id.* at 12 (quoting Section 192.007(a)).  Dallas County makes similar arguments in support of

its motion for summary judgment.  *See* ECF No. 301-1, Dallas County MSJ Brief at 13 ("The

language of Tex. Loc. Gov't Code § 192.007 is clear and unambiguous and requires the filing of

subsequent documents.  As such, summary judgment should be granted on Dallas County's request

for declaratory relief[.]").

In response to the Counties' respective motions for summary judgment, Defendants make

many of the same arguments made in their initial brief, but additionally posit that the Counties lack

standing to obtain declaratory relief, the Counties' delay in seeking declaratory judgment requires

denial of their motions, the requested declarations do not match the relief sought by the Counties in

the Fourth Amended Complaint, the requested declarations are impermissibly vague, and the Court,

in the exercise of its discretion under the Declaratory Judgment Act, should decline to opine about

the meaning of a state recording statute.  *See* ECF No. 317, Def. Resp. to Pls.' Mots. for Summ. Judg. at 22-25.

In opposition to Defendants' summary judgment motion, Dallas County contends that the Court should deny Defendants' motion since "Section 192.007 unambiguously requires recording of interim documents."  *See* ECF No. 313, Dallas County Resp. to Def. Mot. for Summ. Judg. at 1. Dallas County argues, in the alternative, that Defendants' motion should be denied since nothing about the history, heading, or placement of Section 192.007 indicates it was designed to only deal with the recording of instruments, and the legislative history does not support Defendants' position. *Id.*  Dallas County also contends that Defendants seek an improper pre-enforcement declaration, and the undisputed evidence shows that transfers on the MERS system are unrecorded assignments, that the note and deed of trust cannot be separated, that Dallas County is entitled to declaratory judgment since there is a dispute in controversy, and that Section 192.007 is not statutorily vague.  *See id.* Plaintiffs Harris and Brazoria Counties make similar arguments.  *See* ECF No. 311, Harris & Brazoria Counties Brief in Supp. of Resp. to Defs. Mot. for Summ. Judg. at 1-16.

## B.    *Legal Standard*

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "[T]he substantive law will identify which facts are material."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  The movant makes a showing that there is no genuine issue of material fact by informing the court of the

basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

### C.   Discussion

The Court turns first to the threshold issue of whether Plaintiffs have the right to bring their request for declaratory relief concerning the meaning of Section 192.007. Defendants argue that they are entitled to judgment as a matter of law on the remaining claim as the "Texas Legislature did not grant a private right of action to the Counties or to anyone else to enforce Section 192.007, and so the Counties are barred from seeking declaratory relief about the statute's meaning." ECF No. 299, Def. Summ. Judg. Memo. at 2. Defendants point to the Court's May 23, 2012 ruling granting their motion to dismiss Plaintiffs' Section 192.007 cause of action, where the Court held that the statute lacks a private right of action. *Id.* at 28. Defendants argue that "declaratory (and injunctive) relief is unavailable when a statute lacks a private right of action." *Id.* at 29 and n.82 (and cases cited therein). In response, Plaintiffs argue that, notwithstanding their lack of a private right of action, they are still entitled to declaratory relief under the federal Declaratory Judgment Act, 28 U.S.C. §

2201, concerning the meaning of Section 192.007.  The Court agrees with Defendants.

The Declaratory Judgment Act allows a federal court to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a).  The Declaratory Judgment Act, however, does not create a substantive cause of action.  *See Schilling v. Rogers*, 363 U.S. 666, 677 (1960) ("the Declaratory Judgment Act is not an independent source of federal jurisdiction; the availability of such relief presupposes the existence of a judicially remediable right"); *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1179 (5th Cir. 1984) ("The federal Declaratory Judgment Act . . . is procedural only[.]") (*citing Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)).  "A declaratory judgment action is merely a vehicle that allows a party to obtain early adjudication of an actual controversy arising under other substantive law." *MetroPCS Wireless, Inc. v. Virgin Mobile USA, L.P.*, 2009 WL 3075205, at * 19 (N.D. Tex. Sept. 25, 20019) (Fitzwater, C.J.) (citation and internal quotation marks omitted).  "Thus, a plaintiff cannot use the Declaratory Judgment Act to create a private right of action where none exists." *Reid v. Aransas County*, 805 F. Supp. 2d 322, 339 (S.D. Tex. 2011) (citation omitted).

"Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion on deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).  Although "the district court's discretion is broad, it is not unfettered." *MetroPCS Wireless, Inc.*, 2009 WL 3075205, at *19 (citation omitted).  "The court cannot dismiss a declaratory judgment action 'on the basis of whim or personal disinclination.'" *Id.* (quoting *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993)).

Section 192.007's text reads:

Records of Releases and Other Actions

(a)     To release, transfer, assign, or take other action relating to an instrument that is filed, registered, or recorded in the office of the county clerk, a person must file, register, or record another instrument relating to the action in the same manner as the original instrument was required to be filed, registered, or recorded.

(b)     An entry, including a marginal entry, may not be made on a previously made record of index to indicate the new action.

Tex. Local Gov't Code § 192.007. On May 23, 2012, the Court dismissed Plaintiffs' substantive cause of action seeking damages for Defendants' alleged violations of Section 192.007(a), finding that the Texas Legislature did not provide a private right of action to assert such a violation. *See* MTD Hr'g Tr. 78:4–6, 12-14 ("I find that nothing in the statutory language of this section provides a private cause of action for alleged violations. . . . Accordingly, I find Plaintiffs cannot establish a private cause of action for alleged violations of Section 192.007(a).").

As the Court previously found in dismissing Plaintiffs' cause of action seeking damages for Defendants' alleged violations of Section § 192.007, this statute contains no remedy provision, and nothing stating or suggesting that a county or any other litigant may seek relief under the statute. MTD Hr'g Tr. 78:3-6; *see also Bazan v. Wells Fargo Bank, N.A.*, 2012 WL 8019259, at *4 (W.D. Tex. June 28, 2012) (no authority "indicating this section of the Local Government Code provides a cause of action."); *Hudson v. JP Morgan Chase Bank, N.A.*, No. 1:13-cv-174, slip op. at 4 (W.D. Tex. Mar. 29, 2013) (Sparks, J.), *aff'd*, 2013 WL 5306786, at *2 (5th Cir. Sept. 23, 2013) ("[S]ection 192.007 provides no right of action to [a private plaintiff] or, for that matter, to anyone. There is no language in section 192.007, or any of the surrounding provisions, indicating private

plaintiffs may enforce the statute's requirements.").

As summarized above, declaratory judgment is a remedy, and a plaintiff may not obtain a declaratory judgment under a statute such as Section 192.007 that provides no private right of action. *See generally Schilling*, 363 U.S. at 677; *Skelly Oil*, 339 U.S. at 671; *Low*e, 723 F.2d at 1179; *MetroPCS Wireless, Inc.*, 2009 WL 3075205, at *19; *Reid*, 805 F. Supp. 2d at 339 (a "plaintiff cannot use the Declaratory Judgment Act to create a private right of action where none exists."); *see also Tex. Med. Ass'n v. Aetna Life Ins. Co.*, 80 F.3d 153, 158-59 (5th Cir. 1996) (plaintiffs not entitled to declaratory judgment that provision in their contracts violated state regulations because regulations did not allow private right of action); *Hudson*, No. 1:13-cv-174, slip op. at 4 (rejecting a request for declaratory judgment under Section 192.007 brought by a debtor, since "if Texas legislature intended for private plaintiffs to be able to sue other parties for failing to record assignments, it could have provided a cause of action.  It did not do so, and this Court will not do so in its stead.").  The Court rejects Dallas County's argument that it can obtain a declaration because an "actual controversy" exists.  *See* ECF No. 301-1, Dallas County MSJ Brief at 8-9.  That an "actual controversy" may exist does not alter that Plaintiffs have no private right of action, and cannot use the Declaratory Judgment Act to create one.  The Court also rejects Harris and Brazoria Counties' contention that they are "properly-interested persons" to obtain a declaration under Section 192.007.  *See* ECF No. 295, Harris & Brazoria Counties MSJ Brief at 8 n.35 (citing advisory committee note to Fed. R. Civ. P. 57).  As Defendants correctly argue, the Counties are not "properly-interested parties" because "the Texas Legislature did not grant them a private right of action to enforce Section 192.007."  ECF No. 317, Def. Summ. Judg. Memo. at 22.

15

In short, the Court determines that the Counties' declaratory judgement claim is barred by the Court's previous dismissal of the Counties' Section 192.007 substantive claim for lack of a private right of action under the statute.  As the federal Declaratory Judgment Act is procedural and does not create an independent private right of action, Defendants are entitled to judgment as a matter of law on the Counties' declaratory judgment claim.

Alternatively, even were declaratory relief available to the Counties, based on recent case law, the Court concludes that Section 192.007 does not support the Counties' interpretation that the statute requires the recordation of interim instruments, such as assignments of deeds of trusts.  *See Green v. JP Morgan Chase Bank, N.A.*, 937 F. Supp. 2d 849 (N.D. Tex. 2013) (Godbey, J.); *Perez v. Deutsche Bank Nat'l Trust Co.*, 2013 WL 5781208, at *7 (W.D. Tex. Oct. 25, 2013) (Rodriguez, J.); *Richard v. CIT Group*, 2012 WL 3030348, at *2 (S.D. Tex. Jul. 21, 2013) (Hughes, J.).  In *Green*, the court was called upon to consider whether Texas Local Government Code § 192.007(a) is at odds with Texas Property Code § 13.001(b), which provides that an "unrecorded instrument is binding on a party to the instrument."  *Green*, 937 F. Supp. 2d at 857-58.  In holding that Section 192.007(a) had no effect on Section 13.001, or that the statutes could be read in harmony, the court first noted that it "is aware of no Texas state court case—and very few federal cases—discussing [Section 192.007] . . . When a state high court has not ruled on a particular issue of state law, a court must make an '*Erie* guess' and determine as best it can what the state high court would most likely decide."  *Id.* at 858 (citing *Erie v. Tompkins*, 304 U.S. 64, 78 (1938)).  The court further stated: "In this case, the Court concludes that Texas Government Code § 192.007 does not require recordation of an assignment for that assignment to be effective as to the parties to an assignment."  *Id.*  In

16

support of its holding, the court analyzed, among other things, the text and legislative history of

Section 192.007, as well as its placement in the Local Government Code, rather than in the Property

Code, and concluded:

> In this case, the Court reads Section 192.007 as a mere administrative requirement that, to the extent a party wishes to record an action related to a previously filed instrument, the person must file a new instrument rather than merely annotate the existing instrument.

*Id.* at 859.   The court further noted that Section 192.007 does not specify any consequence for a

supposed failure to comply, and that the title of the enacting legislation, "Governmental

Records—Creation, Maintenance, Preservation, Microfilming, Destruction and Access[,]" "suggests

that the bill was meant to deal with administrative affairs," not upset the "longstanding Texas rule"

that assignments are valid even without recordation.  *Id.*  The court further held that a contrary ruling

"would substantially alter Texas law and the rights of individuals who have assigned such interests

under current law." *Id.*  Again, making an "*Erie* guess," the court held that "[c]onstruing this section

to effect such a radical change would have far-reaching consequences that, the Court believes, the

Texas Supreme Court would be unlikely to want to bring about."  *Id.*; *see also Perez*, 2013 WL

5781208, at *7 (quoting *Green*, 937 F. Supp. 2d at 859) (Section 192.007 is a "mere administrative

requirement" and only mandates that "to the extent a party wishes to record an action related to a

previously filed instrument, the person must file a new instrument rather than merely annotate the

existing instrument."); *Richard*, 2012 WL 3030348, at *2. ("[t]he parties to a land transaction are

not obligated to record anything.").

Furthermore, albeit in dicta, the Fifth Circuit recently touched upon Section 192.007, stating:

> Admittedly, the Texas Local Government Code declares that the assignment of a

17

> recorded instrument must itself be recorded.  However, this obscure provision has never been cited in a state court decision and is best read as a procedural directive to county clerks, not as a prerequisite to the validity of assignments.

*Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 228 n.27 (5th Cir. 2013) (citation omitted).

While this quoted language is dicta, and therefore not binding precedent on whether Section 192.007 requires recordation of intervening instruments, the Court finds it nonetheless noteworthy, as it lends support to the district court's interpretation of Section 192.007 in *Green*, *supra*.

Finally, in *Hudson v. JP Morgan Chase, N.A.*, the Fifth Circuit stated that "§ 192.007 does not impose upon [a lender] a duty to record the assignment of the deed of trust." 2013 WL 5306786, at *2 (5th Cir. Sept. 23, 2013).  In so ruling, the Fifth Circuit affirmed the district court's conclusion that "a fair reading of the statute's terms merely requires a party seeking to file, register, or record an instrument to do so in the same manner as the original instrument."  *Hudson*, No. 1:13-cv-174, slip op. at 5-6.  The district court in *Hudson* also noted:

> In other words, if a deed of trust is voluntarily recorded, and a party voluntarily decides to record a later assignment of that deed of trust, the recording of the assignment must follow the same rules (e.g., location of filing) as the original instrument.

*Id.* at 6.  After noting that Section 192.007 "was never intended to be wielded as a weapon in litigation[,]" the district court concluded that "[r]eading into [S]ection 192.007, a provision of the Local Government Code, a requirement to record all mortgage assignments is contrary to Texas law, including the Texas Property Code, and the Texas legislature could not have intended such a result." *Id.* at 5-6.

Dallas County seeks to distinguish the district court's decisions in *Green*, *Perez*, *Richards* and *Hudson*, *supra*, as well as the Fifth Circuit's statements regarding Section 192.007 in *Reinagel*,

*supra*, and *Hudson*, *supra*.  Dallas County argues that these courts did not have the history concerning enactment of Section 192.007, which puts this Court in a better position to make an *Erie* guess, and that these courts "were looking at whether recordation of assignments was necessary for the purposes of foreclosure." ECF No. 313, Dallas County Resp. to Def. MSJ Brief at 17-18.  Dallas County further argues that the Fifth Circuit's statements in *Reinagel*, *supra*, are dicta, and *Hudson* is unpublished, and thus not binding precedent.  *Id.* at 16-17 and n.62.  Harris and Brazoria Counties make similar arguments.  *See* ECF No. 311, Harris & Brazoria Counties Resp. to Def. MSJ Brief at 10-13.

While the Court agrees that statements regarding Section 192.007 in *Reinagel*, *supra*, are dicta, and therefore not binding precedent, the Court cites *Reinagel* and *Hudson*, *supra*, which is unpublished, as persuasive authority to aid the Court in the correct determination of the matter. Further, although *Green*, *Perez*, *Richards* and *Hudson*, *supra*, generally involved enforceability of an assignment against either a mortgagor or third party, the district courts' interpretation of Section 192.007(a) in each instance as permissive, rather than mandatory, did not depend on that issue.

In short, the Court concludes that the Counties' requested declaratory judgment (*see* Pls.' Fourth Am. Compl. ¶ 119(a)(iii)) is contrary to a plain reading of the text and legislative history of Section 192.007, as well as the interpretation provided by the vast majority of federal courts to have considered the statute.

For the foregoing reasons, the Court grants Defendants' motion for summary judgment, and denies the Counties' respective motions for summary judgment. Because the Counties have no private right of action to enforce Section 192.007—which resulted in earlier dismissal of their cause

of action for damages under Section 192.007— their declaratory judgment claim must similarly be dismissed as a matter of law.  Alternatively, the Counties' requested declaration is not supported by the text or legislative history of Section 192.007, or the statutory construction provided by numerous courts.[3]

## IV.    Dallas County's Motion for Reconsideration

Dallas County seeks reconsideration of the Court's November 4, 2013 decision granting summary judgment in favor of Defendants on Dallas County's remaining causes of action, with the exception of its request for declaratory judgment regarding the meaning of Texas Local Government Code § 192.007.  *See* ECF No. 309, Dallas County Mot. to Recon. & Vacate Summ. Judg. Decision and Brief in Supp. ("Dallas County Mot. to Reconsider").  In support, Dallas County contends that "such relief is warranted because Dallas County submitted competent summary judgment evidence establishing reliance, injury, and damages in support of its fraudulent misrepresentation and unjust enrichment claims."  *Id.* at 1.  Defendants oppose the motion, arguing that Dallas County "does not identify any manifest errors of law or fact committed by the Court; does not adduce any newly-discovered evidence; and does not offer any change in relevant Texas law governing its claims."  ECF No. 327, Def. Opp'n to Mot. to Reconsider at 2.  Defendants further argue that the motion to reconsider is "not a legitimate effort to seek reconsideration . . . [but] is instead motivated by the County's desire to have its in-house lawyers revisit issues that its private lawyers, since replaced,

---

[3]As the Court has not relied on any of the evidence submitted by Defendants to which Dallas County has objected, the Court overrules and denies as moot Plaintiff Dallas County's Objections to and Motion to Strike Defendants' Expert Designations and Reports (ECF No. 292) and its Objections to and Motion to Strike Exhibits in Support of Defendants' Motion for Summary Judgment (ECF No. 315).

already addressed – in the hopes that the County lawyers would have better luck." *Id.* For the reasons stated below, the Court denies Dallas County's motion for reconsideration.

### A.    *Legal Standard*

A request that the Court reconsider an interlocutory order is governed by Rule 54(b) of the Federal Rules of Civil Procedure.   Fed. R. Civ. P. 54(b).   "Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court.*" Dos Santos v. Bell Helicopter Textron, Inc. District*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009 ) (Means, J.).   Such a motion requires the Court to determine "whether reconsideration is necessary under the circumstances." *Rotella v. Mid-Continent Casualty Co.*, 2010 WL 1330449, at *5 (N.D. Tex. Apr. 5, 2010) (Fish, J.) (quoting *Judicial Watch v. Department of the Army*, 466 F. Supp. 2d 112, 123 (D.D.C. 2006) (citation and internal quotation marks omitted)).   "Even though the standard for evaluating a motion to reconsider under Rule 54(b) 'would appear to be less exacting than that imposed by Rules 59 and 60 . . ., considerations similar to those under Rules 59 and 60 inform the Court's analysis.'" *Id.* (quoting *Dos Santos*, 651 F. Supp. 2d at 553).   It is clear under Rules 59 and 60 that "[m]otions for reconsideration have a narrow purpose and are only appropriate to allow a party to correct a manifest error of law or fact or to present newly discovered evidence." *Arrista v. Yellow Transportation, Inc.*, 2009 WL 129731, at *1 (N.D. Tex. Jan. 20, 2009) (Fitzwater, C.J.) (citation and internal quotation marks omitted); *see also Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citation omitted) (under Rule 59(e), relief may be granted "to correct manifest errors of law or fact or to present newly discovered evidence[]" and Rule 59(e) "is not the proper vehicle for rehashing evidence, legal

theories, or arguments that could have been offered or raised before the entry of judgment.").

### B.    Discussion

After considering Dallas County's motion to reconsider and the parties' briefs, the Court concludes that reconsideration of its November 4, 2013 memorandum opinion and order is not warranted.  Dallas County has not shown a manifest error or presented newly discovered evidence. Dallas County's brief supporting reconsideration is replete with arguments previously made in its earlier opposition to BOA's and MERS' respective motions for summary judgment, and in support of its own motion for partial summary judgment.  The Court already decided these issue in a lengthy memorandum opinion and order where it carefully considered the parties' respective arguments and the extensive record presented on summary judgment, as well as applicable law.  The Court set forth its reasoning in its memorandum opinion and order, and the Court is satisfied that it correctly decided Defendants' motions for summary judgment and Dallas County's motion for partial summary judgment.  No argument advanced by Dallas County in its motion to reconsider persuades the Court that its prior decision is incorrect.  In addition, a review of the Court's reasoning in its memorandum opinion and order shows the Court did not commit a manifest error of law in rejecting Dallas County's position, but applied controlling case law.

The Court rejects Dallas County's *post hoc* attempts to refine and further develop its initial argument that it raised a genuine issue of material fact regarding its fraudulent misrepresentation and unjust enrichment claims sufficient to defeat BOA's and MERS' respective summary judgment motions.  As one example, Dallas County cites for the first time to an unpublished district court decision denying a motion to dismiss fraud and unjust enrichment claims similar to those asserted

by Dallas County in this civil action.  *See* ECF No. 309, Dallas County Mot. to Reconsider at 9

(quoting *Nueces County v. MERSCORP*, 2013 WL 3353948, at *25 (S.D. Tex. July 3, 2013) (noting

that counties rely upon accurate property records in conducting county business and the "County's

value as an institution has been damaged if people and businesses can no longer rely on the accuracy

of the property records it maintains.")).   As Defendants correctly point out, this decision "is not

intervening or controlling authority; it was issued four months before this Court's summary

judgment ruling, and is merely another court's view on a motion to dismiss."   ECF No. 327, Def.

Opp'n to Mot. to Reconsider at 19-20.   Moreover, in *Nueces County*, the court denied a motion to

dismiss fraud and unjust enrichment claims.   Here, the Court similarly denied Defendants' motion

to dismiss Dallas County's fraudulent misrepresentation and unjust enrichment claims after a May

23, 2012 hearing on the pending motions to dismiss, but subsequently found that, at the summary

judgment stage, Dallas County had failed to adduce sufficient evidence in support.   *See* ECF No.

287, Mem. Op.   Thus, any persuasive value the *Nueces County* case might have is further diminished

by its procedural posture.   Further, as Defendants note, the *Nueces County* decision was issued prior

to the Fifth Circuit's statements in *Reinagel*, 735 F.3d at 228 n.27 (Section 192.007 is an "obscure

provision [that] has never been cited in a state court decision and is best read as a procedural

directive to county clerks, not as a prerequisite to the validity of assignments[]"), and *Hudson*, 2013

WL 5306786, at *2 ("§ 192.007 does not impose upon [a lender] a duty to record the assignment of

the deed of trust.").[4]

---

[4]Dallas County makes new arguments to support its contention that it owned the land records, a contention previously rejected by this Court.  *See* ECF No. 327, Dallas County Mot. to Reconsider at 8.  The Court previously rejected Dallas County's assertion that it owned land records that had been corrupted,

For the foregoing reasons, the Court denies Dallas County's motion to reconsider.

## V.    Conclusion

Based on the foregoing, the Court: **grants** Defendants' motion for summary judgment (ECF No. 298); **denies** Plaintiff Dallas County's motion for summary judgment (ECF No. 301); **denies** Plaintiffs Harris and Brazoria Counties' motion for summary judgment (ECF No. 294); **overrules and denies as moot** Plaintiff Dallas County's Objections to and Motion to Strike Defendants' Expert Designations and Reports (ECF No. 292); **overrules and denies as moot** Plaintiff Dallas County's Objections to and Motion to Strike Exhibits in Support of Defendants' Motion for Summary Judgment (ECF No. 315); **denies as moot** Plaintiff Dallas County's Motion for Leave to File Reply to Defendants' Response to Dallas County's Motion for Summary Judgment (ECF No. 323); and **denies** Plaintiff Dallas County's Motion to Reconsider and Vacate [November 4, 2013] Summary Judgment Decision (ECF No. 309).

Plaintiffs' request for declaratory judgment (and any associated injunctive relief) is hereby **dismissed with prejudice**.  As no claims remain, a final judgment will issue separately.

**SO ORDERED** this **4th day** of **March, 2014.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

noting that Dallas County did not identify any legal principle or evidence that it owned the land records, or submit any evidence showing the records were harmed.  See ECF No. 287, Mem. Op. at 14-15.  As Dallas County's new arguments are not based on newly-discovered evidence or a change in the law, the Court will not consider them.  See Arrieta, 2009 WL 1299731, at *2 (a motion for reconsideration "is not ordinarily a mechanism for litigants to plug holes in their arguments after the court has informed them that they are deficient."); see also SEC v. Cuban, 2013 WL 1091233, at *2 (N.D. Tex. Mar. 15, 2013) (reconsideration is "not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier.").